UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAY ZAMBRANA ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No: 07-0958 (RWR) |
| ) | |
| EXECUTIVE OFFICE FOR THE ) | |
| UNITED STATES ATTORNEYS ) | |
| et. al, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' PARTIAL MOTION TO DISMISS
## OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, six of the seven

Defendants, through counsel, respectfully move this Court to partially dismiss the complaint

because the Plaintiff has failed to exhaust his administrative remedies.  The six Defendants are

the Internal Revenue Service ("IRS"), the Bureau of Alcohol, Tobacco, Firearms & Explosives

("ATF"), the United States Marshals Service ("USMS"), the Department of Justice, Criminal

Division ("Criminal Division"), the Drug Enforcement Administration ("DEA") and the

Department of Justice, Executive Office for the United States Attorneys ("EOUSA").[1]  In

support of this motion, Defendants respectfully refer the Court to the attached statement of

material facts not in genuine dispute; the attached memorandum of points and authorities; and

the attached declarations.

*Pro Se* Plaintiff will please take note that the assertions contained in the accompanying

_____

[1]      The Seventh Defendant is the Federal Bureau of Investigation ("FBI").  The FBI is
currently processing Plaintiff's FOIA request and intends to submit a status report to the Court by
September 15, 2007.

declarations and other attachments in support of Defendants motion may be accepted by the

Court as true unless Plaintiff submits his own affidavit or other documentary evidence

contradicting the assertions in Defendants' declaration and attachments.  See Neal v. Kelly, 963

FBIHQ.2d 453, 456 (D.C. Cir. 1992), and Local Rule 7.  Further, Fed. R. Civ. P. 56(e) provides

that:

> Supporting and opposing affidavits shall be made on personal
> knowledge, shall set forth such facts as would be admissible in
> evidence, and shall show affirmatively that the affiant is competent
> to testify to the matters stated therein.  Sworn or certified copies of
> all papers or parts thereof referred to in an affidavit shall be
> attached thereto or served therewith.  The court may permit
> affidavits to be supplemented or opposed by depositions, answers
> to interrogatories, or further affidavits.  When a motion for
> summary judgment is made and supported as provided in this rule,
> an adverse party may not rest upon the mere allegations or denials
> of the adverse party's pleading, but the adverse party's response,
> by affidavits or as otherwise provided in this rule, must set forth
> specific facts showing that there is a genuine issue for trial.  If the
> adverse party does not so respond, summary judgment, if
> appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Dated: August 9, 2007                    Respectfully submitted,


                                         /s/_____
                                         JEFFREY A. TAYLOR, D.C. BAR # 498610
                                         United States Attorney


                                         /s/_____
                                         RUDOLPH CONTRERAS, D.C. BAR # 434122
                                         Assistant United States Attorney.


                                         /s/_____
                                         ANDREA McBARNETTE, D.C. Bar  # 483789
                                         Assistant United States Attorney Center Building
                                         555 Fourth Street, N.W.
                                         Washington, D.C. 20530
                                         (202) 514-7153

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
JAY ZAMBRANA                              )
                                          )
                        Plaintiff,        )
              v.                          )        Case No: 07-0958 (RWR)
                                          )
EXECUTIVE OFFICE FOR THE                  )
UNITED STATES ATTORNEYS                   )
et. al,                                   )
                                          )
                        Defendants.       )
_____)

**STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

Pursuant to LCvR 7 (h), six of the seven Defendants respectfully submit this statement of material facts as to which there is no genuine dispute.[2]  In support of the motion to dismiss, or in the alternative, for summary judgment, are the attached declarations of: 1) Alexis Lindauer ("Lindauer Decl.") and Lavinia Dowdy ("Dowdy Decl.") of the Internal Revenue Service ("IRS"); 2) Averill Graham ("Graham Decl.") of the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF"); 3) William Bordley ("Bordley Decl.") of the United States Marshals Service ("USMS"); 4) Pamela A. Roberts ("Roberts Decl.") of the Department of Justice, Criminal Division ("Criminal Division"); 5) William Little ("Little Decl.") of the Drug Enforcement Administration ("DEA"); and 6) John Kornmeier ("Kornmeier Decl.") of the Department of Justice, Executive Office for the United States Attorneys ("EOUSA"); DeBordieu L. Mathies ("Mathies Decl.") of EOUSA;.

---

[2]    The Seventh Defendant is the Federal Bureau of Investigation ("FBI").  The FBI is currently processing Plaintiff's FOIA request and intends to submit a status report to the Court by September 15, 2007.

**IRS**

1.      The IRS found no records that reflect a FOIA request made by the Plaintiff.  Dowdy Decl

¶ 3.  The IRS has a record of an appeal postmarked April 17, 2007 but dated December 18, 2006.

In the appeal, Plaintiff claimed that he sent a FOIA request to the IRS dated August 31, 2006.

Lindauer Decl. ¶¶ 2-3.

2.      The IRS sent a determination letter to Plaintiff that informed him under the Department

of the Treasury's revised FOIA regulations at 31 C.F.R Section 1.5(f), a lack of a timely

response was not a valid reason for an administrative appeal.  It further informed him that when

a determination is not made within the statutory deadline, 5 U.S.C. Section 552(a)(6) permits the

filing of a lawsuit in the United States District Court where requester lives or works, where the

records are located, or in the District of Columbia. The letter was mailed to Plaintiff at the

United States Penitentiary at Inez, Kentucky, dated May 29, 2007.  Lindauer Decl. ¶ 4.

**ATF**

3.      ATF has no record of any correspondence from the Plaintiff regarding a FOIA

request.  Graham Decl, ¶ 5.

4.      ATF contacted Office of Information and Privacy and was informed the OIP had no

record of the Plaintiff's alleged appeal.  Graham Decl, ¶ 7.

**USMS**

5.      USMS has no record of any correspondence from the Plaintiff regarding a FOIA

request.  Bordley Decl., ¶ 4.

6.      USMS contacted Office of Information and Privacy and was informed the OIP had no

record of the Plaintiff's alleged appeal.  Bordley Decl, ¶ 5.

**CRIMINAL DIVISION OF DOJ**

7.    The Criminal Division has no record of any correspondence from the Plaintiff regarding a FOIA request.  Roberts Decl, ¶ 6.

8.    The Criminal Division contacted the Office of Information and Privacy and was informed the OIP had no record of the Plaintiff's alleged appeal.  Roberts Decl, ¶ 7.

**DEA**

9.    DEA has no record of a FOIA request from the Plaintiff.  Little Decl. ¶ 17.

**EOUSA**

10.    By letter dated July 19, 2006, Plaintiff submitted a FOIA request asking for all records on himself in all the districts of Indiana and in the Northern District of Illinois. Kornmeier Decl. ¶ 4.

11.    EOUSA split the request into three files, 06-2529, 06-2530, and 06-2531, corresponding to the three districts: Northern District of Illinois (06-2529); Northern District of Indiana (06-2530; and Southern District of Indiana (06-2531).  Kornmeier Decl. ¶ 5.

12.    The Southern District of Indiana conducted a search and found no records responsive to the Plaintiff's request.  Mathies Decl. ¶¶ 6-8, 12. The Southern District of Indiana searched the Legal Information Network System ("LIONS") database and PROMIS ("Prosecutors Management Information System) and did not find any entries for Mr. Zambrana.  LIONS is the case management/tracking system used to record and maintain up-to-date information on cases and matters opened by Assistant U.S. Attorneys ("AUSAs") and to produce a variety of reports on that information.  PROMIS is the precursor to LIONS.  The Southern District of Indiana even inquired of staff members if anyone had ever heard of Mr. Zambrana and whether anyone had or

-3-

knew of any records pertaining to Mr. Zambrana.  Mathies Decl. ¶¶ 6-8.

13.    The Northern District of Illinois conducted a search and found no records responsive to

the Plaintiff's request.  Getty Decl. ¶¶ 6- 11.  The Northern District of Illinois searched LIONS,

PROMIS, the Case Management ("CM") of the Northern District of Illinois, and the Electronic

Case Files ("ECF") database and found no responsive records.  Getty Decl. ¶¶ 6- 11.

14.    By letters dated September 29, 2006 and October 25, 2006, EOUSA responded to request

no. 06-2529 and no. 06-2531 stating that there were no records found.  Kornmeier Decl. ¶¶ 6, 7.

By letter dated June 11, 2007, EOUSA responded to request 06-2530 stating that an advance

payment of $1,568.00 would be required for EOUSA to complete the search.  Kornmeier Decl.

¶ 8.

15.    By letter dated October 22, 2006, Plaintiff filed an administrative appeal with the

Office of Information and Privacy ("OIP") on requests nos. 06-2529, 06-2530 and 06-2531,

stating that he had not received a response to these requests.  Kornmeier Decl. ¶ 10.

16.    By letter dated April 6, 2007, OIP ruled on his appeal on requests nos. 06-2529, 06-2530,

and 06-2531, stating that since EOUSA had responded to requests 06-2529 and 06-2531,

Plaintiff's appeal for EOUSA's failure to respond to these requests was moot. As to the

remaining request, 06-2530, OIP stated that EOUSA was continuing to process that request.

Since Department of Justice regulations provide for an appeal only after an adverse

determination, there was no action for OIP to consider.  Kornmeier Decl. ¶11.

17.    Plaintiff, did not appeal the "adverse" decisions of EOUSA in request nos. 06-2529

and 06-2531 that there were  no records found.  Plaintiff  did not respond to EOUSA's fee letter

regarding 06-2530.  Kornmeier Decl. ¶¶ 12, 13.

Dated: August 9, 2007                    Respectfully submitted,


/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.


/s/
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAY ZAMBRANA | ) |
| | ) |
| Plaintiff, | ) |
| v. | )    Case No: 07-0958 (RWR) |
| | ) |
| EXECUTIVE OFFICE FOR THE | ) |
| UNITED STATES ATTORNEYS | ) |
| et. al, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO
## DISMISS OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Pursuant to Rule 12(b)(6) or in the alternative, Rule 56(b), of the Federal Rules of Civil

Procedure, Defendants, the Internal Revenue Service ("IRS"), the Bureau of Alcohol, Tobacco,

Firearms & Explosives ("ATF"), the United States Marshals Service ("USMS"), the Department

of Justice, Criminal Division ("Criminal Division"), the Drug Enforcement Administration

("DEA") and the Department of Justice, Executive Office for the United States Attorneys

("EOUSA"), through counsel, respectfully move this Court to dismiss Plaintiff's complaint or in

the alternative, to grant summary judgment on the grounds of failure to exhaust the required

administrative remedies.[3]  Plaintiff brings this action pursuant to the Freedom of Information

Act, 5 U.S.C. § 552 ("FOIA").

In support of this motion, Defendants respectfully refer the Court to the attached

---

[3]    Defendants are six of the seven agency defendants named in the Complaint.  See
Caption of Complaint.  The remaining defendant, the Federal Bureau of Investigation ("FBI") is
currently processing Plaintiff's FOIA request.  The FBI intends to submit a status report by
September 15, 2007.

statement of material facts not in genuine dispute, the attached memorandum of points and authorities, and the attached declarations.

## BACKGROUND

**IRS**

The IRS found no records that reflect a FOIA request made by the Plaintiff. Dowdy Decl ¶ 3. The IRS has a record of an appeal by Plaintiff postmarked April 17, 2007 but dated December 18, 2006. In the appeal, Plaintiff claimed that he sent a FOIA request to the IRS dated August 31, 2006. Lindauer Decl. ¶¶ 2-3.

The IRS sent a determination letter to Plaintiff that informed him under the Department of the Treasury's revised FOIA regulations at 31 C.F.R Section 1.5(f), a lack of a timely response was not a valid reason for an administrative appeal. It further informed him that when a determination is not made within the statutory deadline, 5 U.S.C. Section 552(a)(6) permits the filing of a lawsuit in the United States District Court where the requester lives or works, where the records are located, or in the District of Columbia. The letter was mailed to Plaintiff at the United States Penitentiary at Inez, Kentucky, dated May 29, 2007. Lindauer Decl. ¶ 4.

**ATF**

ATF has no record of any correspondence from the Plaintiff regarding any FOIA request. Graham Decl., ¶ 5. ATF contacted the Office of Information and Privacy ("OIP") and was informed that the OIP had no record of the Plaintiff's alleged appeal. Graham Decl., ¶ 7.

**USMS**

USMS has no record of any correspondence from the Plaintiff regarding a FOIA request. Bordley Decl., ¶ 4. USMS contacted the Office of Information and Privacy and was

informed that the OIP had no record of the Plaintiff's alleged appeal.  Bordley Decl, ¶ 5.

## CRIMINAL DIVISION OF DOJ

The Criminal Division has no record of any correspondence from the Plaintiff regarding a

FOIA request.  Roberts Decl, ¶ 6.  The Criminal Division contacted the Office of Information

and Privacy and was informed that the OIP had no record of the Plaintiff's alleged appeal.

Roberts Decl, ¶ 7.

## DEA

DEA has no record of a FOIA request from the Plaintiff.  Little Decl. ¶ 17.

## EOUSA

Plaintiff submitted a FOIA request dated July 19, 2006 asking for all records on himself.

Kornmeier Decl. ¶ 4.  EOUSA split the request into three files, 06-2529, 06-2530, and 06-2531,

corresponding to the certain districts.  Kornmeier Decl. ¶ 5.

By letters dated September 29, 2006 and October 25, 2006, EOUSA responded to request

no. 06-2529 and no. 06-2531 stating that there were no records found.  Kornmeier Decl. ¶¶ 6, 7.

By letter dated June 11, 2007, EOUSA responded to request 06-2530 stating that an

advance payment of $1,568.00 would be required for EOUSA to complete the search for records.

Plaintiff did not respond to the June 11, 2007 fee letter.  Kornmeier Decl. ¶ 9.

By letter dated October 22, 2006, Plaintiff filed an administrative appeal with the

Office of Information and Privacy ("OIP") on requests nos. 06-2529, 06-2530, and 06-2531,

stating that he had not received a response to these requests.  Kornmeier Decl. ¶ 10.  By letter

dated April 6, 2007, OIP ruled on his appeal on requests nos. 06-2529, 06-2530,

and 06-2531, stating that since EOUSA had responded to requests 06-2529 and 06-2531,

Plaintiff's appeal for EOUSA's failure to respond to these requests was moot. As to the remaining request, 06-2530, OIP stated that EOUSA was continuing to process that request. Since Department of Justice regulations provide for an appeal only after an adverse determination, there was no action for OIP to consider.  Kornmeier Decl. ¶11.

Plaintiff did not appeal the "adverse" decisions of EOUSA in request nos. 06-2529 and 06-2531 that there were  no records found.  Plaintiff did not respond to EOUSA's fee letter regarding 06-2530.  Kornmeier Decl. ¶¶ 12, 13.

## STANDARD OF REVIEW

A.    *Motion to Dismiss*

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint.  Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir.2002).  Accordingly, "the accepted rule in every type of case" is that a court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  Warren v. Dist. of Columbia, 353 F.3d 36, 37 (D.C. Cir.2004); Kingman Park, 348 F.3d at 1040.  Thus, in resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations-including mixed questions of law and fact-as true and draw all reasonable inferences therefrom in the plaintiff's favor.  Macharia v. United States, 334 F.3d 61, 64, 67 (D.C. Cir.2003); Holy Land Found. for Relief & Dev. v. Ashcroft, 333 F.3d 156, 165 (D.C. Cir. 2003); Browning, 292 F.3d at 242.  While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations.  Warren, 353 F.3d at 39; Browning, 292 F.3d at 242.

B.    *Summary Judgment*

In the alternative, summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  In ruling on a motion for summary judgment, the court must consider whether the nonmoving party failed to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  Sullivan-Obst, 300 F. Supp. 2d at 90.  The nonmoving party must present specific facts that would enable a reasonable fact finder to find in its favor; thus, by pointing to an absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment. Id.  Also, while the court must accept the nonmoving party's evidence as true, if the evidence is "merely colorable, or is not significantly probative," summary judgment may be granted.  Id.

## ARGUMENT

### I.    Plaintiff failed to exhaust his administrative remedies as to the IRS, ATF, USMS, Criminal Division, and the DEA

Under FOIA, administrative remedies must be exhausted prior to judicial review.  When a FOIA plaintiff attempts to obtain judicial review, without first properly undertaking full and timely administrative exhaustion, the lawsuit is subject to ready dismissal because "exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA.  Wilbur v. CIA, 355 F.3d 675, 676 (D.C. Cir. 2004) (per curiam) (citing Oglesby v. United States Dep't of the Army, 920 F.2d 57, 61-64 n.9 (D.C. Cir. 1990); see, e.g., Voiche v. United States Dep't of the Air Force, 983 F.2d 667, 669 (5th Cir. 1993) ("We conclude that the FOIA should be read to require that a party must present proof of exhaustion of administrative remedies prior to seeking

judicial review."). Exhaustion allows top-level officials of an agency to correct possible mistakes made at lower levels and thereby obviate unnecessary judicial review. Oglesby, 920 F.2d at 61. Moreover, failure to file a FOIA request that comports with agency's rules constitutes a failure to exhaust administrative remedies. See Church of Scientology v. IRS, 792 F.2d 146, 150 (D.C. Cir. 1986). Here, there is no record that Plaintiff filed any FOIA request with five agencies.

Five of the agency defendants, including the IRS, ATF, USMS, the Criminal Division, and the DEA, have no record of the alleged FOIA requests from the Plaintiff. The IRS found no record of Plaintiff's alleged request dated August 31, 2006. Dowdy Decl ¶ 3.[4] The ATF found no record of Plaintiff's alleged request dated August 31, 2006. Graham Decl. ¶¶ 5-6.[5] The USMS found no record of Plaintiff's alleged request dated August 31, 2006. Bordley Decl., ¶ 4.[6] The Criminal Division found no record of Plaintiff's alleged request dated August 1, 2006.

---

[4]    Although the IRS found no record of Plaintiff's alleged FOIA request, the IRS has a record of an appeal by Plaintiff in which he claimed that he sent a FOIA request to the IRS dated August 31, 2006. Dowdy Decl ¶ 3; Lindauer Decl. ¶¶ 2-3. Plaintiff claims that he did not receive a response to his letter appealing the alleged failure of the IRS to respond to his request. The IRS, however, sent Plaintiff a determination letter dated May 29, 2007, informing him that under the IRS's revised FOIA regulations at 31 C.F.R Section 1.5(f), a lack of a timely response was not a valid reason for an administrative appeal. Lindauer Decl. ¶ 4.

[5]    Plaintiff claims that he did not receive a response from OIP to his alleged letter dated December 16, 2006 appealing the alleged failure of the ATF to respond to his request. Compl. Count IV. The OIP informed ATF that it has no record of such an appeal. See Graham Decl. ¶ 7.

[6]    Plaintiff claims that he did not receive a response from OIP to his alleged letter dated December 15, 2006 appealing the alleged failure of the USMS to respond to his request. Compl. Count V. USMS contacted Office of Information and Privacy and was informed the OIP had no record of the Plaintiff's alleged appeal. Bordley Decl, ¶ 5.

Roberts Decl., ¶ 6.[7]  DEA found no record of Plaintiff's alleged request dated August 31, 2007 or

any other FOIA request from the Plaintiff.  Little Decl. ¶ 17.  In addition, Plaintiff provided no

evidence that the requests were made, such as proof of mailing the request or receipt by any of

these agencies.  This court has repeatedly held that a plaintiff must establish receipt of the FOIA

request to satisfy the exhaustion requirement.  E.g., Schoenman v. FBI, 2006 WL 1126813, at

*13 (D.D.C. 2006) (finding that without a stamped envelope showing mailing, or a certified mail

receipt, the plaintiff could not meet the statutory requirements to make the FOIA claim); Utchins

v. Department of Justice, 2005 WL 1334941, at *2 (D.D.C. 2005); Antonelli v. ATF, 2005 WL

3276222, at *5 (D.D.C. 2005); Carbe v. ATF, 2004 WL 2051359, at *8 (D.D.C. 2004).  Because

the Plaintiff didn't even make a FOIA request, he did not exhaust his administrative remedies.

Therefore, the Court lacks subject matter jurisdiction over the claims and the Court should

dismiss the complaint against these agency defendants.

## II.     The Court should grant the motion to dismiss or, in the alternative for summary judgment in favor of defendant EOUSA

### a)     Plaintiff failed to exhaust by not appealing EOUSA's determinations

Plaintiff failed to appeal the two no records response and one request for fees from the

defendant EOUSA.  A FOIA requester is deemed to have failed to exhaust administrative

remedies whenever the requester fails to comply with the administrative procedures set forth

under FOIA.  See e.g., Oglesby, 920 F.2d 57 (exhausting administrative remedies include

administratively appealing a denial of records).

---

[7]     Plaintiff claims that he did not receive a response from OIP to his alleged letter dated December 17, 2006 appealing the alleged failure of the Criminal Division to respond to his request. Compl. Count III.  The Criminal Division contacted Office of Information and Privacy and was informed the OIP had no record of the Plaintiff's alleged appeal.  Roberts Decl, ¶ 7.

-8-

The Plaintiff did submit a FOIA request and EOUSA split the request into three files, 06-2529, 06-2530, and 06-2531, corresponding to the three districts: Northern District of Illinois (06-2529); Northern District of Indiana (06-2530); and Southern District of Indiana (06-2531). Kornmeier Decl. ¶ 5. EOUSA responded to Plaintiff informing him that for no. 06-2529 and no. 06-2531 there were no records found and that for no. 06-2530 an advance payment of $1,568.00 would be required for EOUSA to complete the search for records. Kornmeier Decl. ¶¶ 6-8.

Instead of appealing the lack of records found or the required fee, Plaintiff filed an administrative appeal with nos. 06-2529, 06-2530, and 06-2531 stating that he had not received a response to these requests. Kornmeier Decl. ¶ 10. By letter dated April 6, 2007, OIP ruled on his appeal stating that since EOUSA had responded to requests 06-2529 and 06-2531, and Plaintiff's appeal for EOUSA's failure to respond to these requests was moot. As to the remaining request, 06-2530, OIP stated that EOUSA was continuing to process that request. Since Department of Justice regulations provide for an appeal only after an adverse determination, there was no action for OIP to consider. Kornmeier Decl. ¶11. Consequently, Plaintiff did not appeal the "adverse" decisions of EOUSA in request nos. 06-2529 and 06-2531 that there were no records found and he did not appeal EOUSA's fee letter regarding 06-2530. Kornmeier Decl. ¶¶ 12, 13. Therefore, the Court should dismiss Plaintiff's claims against the defendant EOUSA.

    b)    Plaintiff failed to exhaust by not paying the required fees

Moreover, the Plaintiff failed to exhaust with regard to request no. 06-2530 by not agreeing to pay the assessed fees, and accordingly, EOUSA closed the file on this request. As

-9-

outlined above, by letter dated June 11, 2007, EOUSA advised Plaintiff that it was searching for documents responsive to his request for records regarding himself but had exhausted the two hours of search time provided to him at no charge.  Kornmeier Decl. ¶ 8 & Exh. D, thereto.  The letter further advised that pursuant to 28 C.F.R. § 16.11(i), EOUSA is authorized to collect an advance payment of fees before continuing to process the request if the fees are estimated to exceed $250.00.  Id.  Finally, EOUSA indicated that fees for the additional search time estimated to complete a search for plaintiff's request came to $1,568.  Id.  Plaintiff was invited to reformulate his request as a means of reducing the fee.  Id.  He was also advised pursuant to 28 C.F.R. 16.11(i) that his request is not considered received until EOUSA received a response from him and he was instructed that if a response was not received within 30 days, the matter would be closed.  Id.  Plaintiff did not respond to the fee letter.  Kornmeier Decl. ¶ 9, 13.

Failure to comply with the agency's request for payment of search fees is a failure to exhaust administrative remedies.  See, e.g., Jeanes v. Department of Justice, 357 F. Supp. 2d 119, 123 (D.D.C. 2004) ("[E]xhaustion of administrative remedies does not occur until the required fees are paid or an appeal is taken from the denial of a request for fee waiver."); Trueblood v. Department of the Treasury, 943 F. Supp. 64, 68 (D.D.C. 1996) ("Regardless of whether the plaintiff 'filed' suit before or after receiving a request for payment, the plaintiff has an obligation to pay for the reasonable copying and search fees assessed by the defendant.").  Accordingly, plaintiff's failure to respond to EOUSA's letter constitutes a basis for dismissal of all claims associated with request no. 06-2530.

c)    EOUSA conducted an adequate search

EOUSA responded to Plaintiff informing him that for requests no. 06-2529 and no. 06-

2531 there were no records found.  Kornmeier Decl. ¶¶ 6-7.  The Southern District of Indiana

conducted a search for no. 06-2531 in the Legal Information Network System ("LIONS")

database and PROMIS ("Prosecutors Management Information System) and found no responsive

records.  Mathies Decl. ¶¶ 6-8; Kornmeier Decl. ¶ 5.  LIONS is the case management/tracking

system used to record and maintain up-to-date information on cases and matters opened by

Assistant U.S. Attorneys ("AUSAs") and to produce a variety of reports on that information.

PROMIS is the precursor to LIONS. [8]  Mathies Decl. ¶¶ 6-8.  The Northern District of Illinois

conducted a search on request no. 06-2529 in LIONS, PROMIS, the Case Management ("CM")

of the Northern District of Illinois, and the Electronic Case Files ("ECF") database and found no

responsive records.  Getty Decl. ¶¶ 6- 11; Kornmeier Decl. ¶ 5.  These searches of both districts

were reasonably well designed to locate all responsive records in the files and databases that

would have such records.  Mathies Decl. ¶ 11; Getty Decl. ¶ 10.   The searches were adequate

and should therefore be upheld.

---

[8]      The Southern District of Indiana even inquired of staff members if anyone had ever
heard of Mr. Zambrana and whether anyone had or knew of any records pertaining to Mr. Zambrana.
Mathies Decl. ¶ 6-8.

## <u>CONCLUSION</u>

For the foregoing reasons, the Complaint should be dismissed or summary judgment should be entered in favor of the Defendants.


August 9, 2007                              Respectfully submitted,


  /s/ _____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

  /s/ _____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

  /s/ _____
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530

**CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2007, I caused the foregoing Motion to Dismiss or, in

the Alternative, for Summary Judgment to be served on Pro Se Plaintiff, Jay Zambrana, by

postage prepaid mail addresses as follows:

JAY ZAMBRANA
#01600-027
United States Penitentiary
1197 Airport Road
P.O. Box 2068
Inez, KY 41224

```
       /s/
_____
ANDREA McBARNETTE
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

JAY ZAMBRANA                                    )
                                                )
                    Plaintiff,                  )
          v.                                    )          Case No: 07-0958 (RWR)
                                                )
EXECUTIVE OFFICE FOR THE                        )
UNITED STATES ATTORNEYS                         )
et. al,                                         )
                                                )
                    Defendants.                 )
_____)


ORDER

UPON CONSIDERATION of Defendants' partial motion for summary judgment on

behalf of six defendants (the Internal Revenue Service, the Bureau of Alcohol, Tobacco,

Firearms & Explosives, the United States Marshals Service, the Department of Justice, Criminal

Division, the Drug Enforcement Administration, and the Department of Justice, Executive Office

for the United States Attorneys) the memorandum of points and authorities in support thereof,

any opposition thereto, any reply, and the record herein, it is hereby ORDERED that the motion

is GRANTED.


          SO ORDERED, on this _____ day of _____, 2007.


                              _____
                              United States District Court Judge

# UNITED STATES DISTRICT COURT

# DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAY ZAMBRANA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Case No. 1:07-cv-00958 |
| | ) | |
| vs. | ) | |
| | ) | Declaration of Lavinia Dowdy |
| | ) | |
| EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS, ET AL. | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

I, Lavinia Dowdy, pursuant to the provisions of 28 U.S.C. § 1746(2), declare as follows:

1.     I am a Paralegal Specialist with the Office of Chief Counsel, Internal Revenue Service, Procedure & Administration, Disclosure & Litigation Support Branch, at the Washington DC headquarters of the agency. My duties include processing Freedom of Information Act (FOIA) requests for documents under the jurisdiction of the IRS. My work requires knowledge of the types of documents created and maintained by the various divisions and functions of the IRS, knowledge of procedures and requirements for making FOIA requests, and an understanding of the provisions of the FOIA which exempt certain types of information from disclosure in response to a request.

2.     The Electronic-Disclosure Information Management System (E-DIMS) is the nation-wide management information system for inventory control, casework management, and standardized reporting for the National Disclosure Program. On June 26, 2007, I performed a search of the E-DIMS system alternatively using plaintiffs name and plaintiffs Social Security

number. No responsive entries were located reflecting any requests filed by the plaintiff pursuant to 5 U.S.C. §552, the Freedom of Information Act.

    I declare under penalty of perjury that the foregoing is true and correct.

Executed: 7/13/07

                          Lavinia Dowdy
                          Paralegal Specialist
                          Disclosure & Litigation Support
                          Office of the Chief Counsel
                          Internal Revenue Service
                          1111 Constitution Ave NW
                          Washington, DC 20224

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAY ZAMBRANA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Case No. 1:07-cv-00958 |
| | ) | |
| vs. | ) | |
| | ) | Declaration of Alexis Lindauer |
| | ) | |
| EXECUTIVE OFFICE FOR UNITED | ) | |
| STATES ATTORNEYS, ET AL. | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

I, Alexis Lindauer, pursuant to the provisions of 28 U.S.C. § 1746(2), declare as follows:

1.    I am an Appeals Officer in the Fresno, California, office of the Internal Revenue Service (IRS). My duties include processing Freedom of Information Act (FOIA) appeals involving requests for documents under the jurisdiction of the IRS. My work requires knowledge of the types of documents created and maintained by the various divisions and functions of the IRS, knowledge of procedures and requirements for making FOIA requests, and an understanding of the provisions of the FOIA which exempt certain types of information from disclosure in response to a request.

2.    I was assigned to process plaintiffs' FOIA appeal dated December 18, 2006.

    a.    The appeal was postmarked April 17, 2007.

    b.    The appeal was received by the IRS Disclosure Office in Baltimore, Maryland on May 3, 2007.

    c.    The appeal was received by my office May 8, 2007.

    c.    I was assigned to the appeal on May 18, 2007.

3.     In his appeal, plaintiff stated the following:

     a.     He had made a FOIA request to the IRS dated August 31, 2006; and

     b.     He had received no reply within the statutory time limit.

4.     On May 24, 2007, I prepared a determination letter to plaintiff that informed him under the Department of the Treasury's revised FOIA regulations at 31 C.F.R Section 1.5(f), a lack of a timely response was not a valid reason for an administrative appeal. It further informed him that when a determination is not made within the statutory deadline, 5 U.S.C. Section 552(a)(6) permits the filing of a lawsuit in the United States District Court where requester lives or works, where the records are located, or in the District of Columbia.

5.     The letter was mailed to plaintiff at the United States Penitentiary at Inez, Kentucky, dated May 29, 2007.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: _7/11/07_

Alexis Lindauer
Appeals Officer
Internal Revenue Service
Fresno Appeals Campus
5045 E. Butler
Fresno, CA 93727-5136

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Jay Zambrana, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 07-00958 (RWR) |
| v. | ) | |
| | ) | |
| Executive Office for United States | ) | |
| Attorneys et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

DECLARATION OF AVERILL P. GRAHAM,
CHIEF, DISCLOSURE DIVISION,
BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

I, Averill P. Graham, do hereby depose and say:

1.      I am the Chief, Disclosure Division, Bureau of Alcohol, Tobacco,

Firearms and Explosives (ATF), Department of Justice. In this capacity, I receive all

requests made of ATF under the Freedom of Information Act (FOIA), 5 U.S.C. § 552,

and the Privacy Act (PA), 5 U.S.C. § 552a. I am responsible for processing all FOIA and

PA requests, initiating searches relevant to such requests, supervising the determination

of what records should be disclosed, processing all ATF documents referred to ATF and

other agencies, and recording all administrative appeals filed with ATF.

2.      I declare that the statements made in this declaration are on the basis of

knowledge acquired by me in the performance of my official duties.

3.      Due to the nature of my official duties, I am familiar with the procedures

followed by this office in responding to a FOIA request.

4.      I am familiar with the current lawsuit filed by Mr. Zambrana.

5.      ATF has no record of any correspondence from Mr. Jay Zambrana regarding any FOIA or PA request.  Pursuant to Department of Justice regulation 20 CFR §16.41, any correspondence in which a petitioner requests records pertaining to himself or herself would be received by me as the Chief, Disclosure Division.

6.      I have been informed that upon receipt of the complaint in this matter, an attorney in ATF's Office of Chief Counsel contacted my office and ordered a search of all FOIA requests over the last five years.  A complete and thorough search of the Disclosure Division FOIA databases revealed no requests by the plaintiff.  Every FOIA request received by the Disclosure Division over the last five years is identified in the database.

7.      Additionally, in response to Mr. Zambrana's allegations in his complaint, my staff contacted the Office of Information and Privacy (OIP) to determine if there had been an administrative appeal regarding ATF filed by Mr. Zambrana.  OIP informed my staff that it has no records of any such appeal.  Pursuant to Department of Justice (DOJ) Regulations (28 C.F.R. § 16.9(c)) a requester is required to make an administrative appeal to an initial determination prior to praying for judicial relief; therefore, Mr. Zambrana has failed to exhaust his administrative remedies per DOJ regulations.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this _27_ day of July, 2007.

Averill P. Graham
Chief, Disclosure Division

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAY ZAMBRANA | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| EXECUTIVE OFFICE FOR U. S. ATTORNEYS, et. al. | ) |
| Defendant. | ) |
| | ) |

Civil Case No: 07-0958

## DECLARATION

I, WILLIAM E. BORDLEY, being duly sworn upon my oath, hereby depose and say that:

1. I am an Associate General Counsel and the Freedom of Information/Privacy Act (FOI/PA) Officer of the United States Marshals Service (USMS), assigned to the Headquarters, Office of General Counsel, in Arlington, Virginia. I am experienced with the procedures for responding to requests made pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act (PA), 5 U.S.C. § 552a, for information maintained in the records and files of the USMS. The USMS Headquarters Office of General Counsel (OGC) is responsible for processing all FOI/PA requests made to any USMS office located throughout the United States pursuant to USMS policy.

2. On June 19, 2007, the OGC was notified that plaintiff had filed this civil action pursuant to the FOI/PA regarding a request to the USMS, dated August 1, 2006, seeking records pertaining to him.

4. Upon receipt of this information, the office conducted a search of the OGC's FOI/PA files to determine whether plaintiff's request had been received by the USMS. All FOIA/PA requests received by the USMS OGC are entered into the computerized FOI/PA tracking system. A letter acknowledging receipt of the request is then sent to the requester. A search of the FOI/PA

files, which are indexed by the name of the requester, did not reveal any FOI/PA request from the plaintiff to the USMS.

5. Plaintiff also states in his lawsuit that he filed an appeal with the Office of Information and Privacy (OIP) on December 15, 2006, and did not receive a reply from OIP. On June 26, 2007, the USMS FOIA staff contacted OIP to ascertain whether they had received an appeal from the plaintiff regarding a request to the USMS. OIP confirmed that OIP had not received an appeal from the plaintiff regarding a request to the USMS.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information and belief.

_____June 27, 2007_____

Executed on:

William E. Bordley

2

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JAY ZAMBRANA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 07-0958 RWR |
| | ) |
| EOUSA, | ) |
| *et al.* | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DECLARATION OF PAMELA A. ROBERTS

I, Pamela A. Roberts, declare the following to be true and correct:

1. I am an attorney in the Criminal Division of the United States Department of Justice assigned to the Office of Enforcement Operations. My specific assignment at the present time is that of Litigation Attorney for the Division's Freedom of Information Act/Privacy Act Unit (FOIA/PA Unit).

2. In such capacity, my duties are, *inter alia*, to review complaints in lawsuits filed under both the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.*, and the Privacy Act (PA), 5 U.S.C. § 552a *et seq.*, and to provide litigation support and assistance to Assistant United States Attorneys and to Department trial attorneys litigating these cases in District Court. In conjunction with these duties, I review processing files that have been compiled by the paralegal processors and reviewed by supervisory paralegals and/or by the FOIA/PA Unit Chief in responding to FOIA/PA requests received by the Unit. I also consult with the Unit Chief, who

1

supervises the Unit's processing of FOIA and PA requests, and with the supervisory paralegals to confirm that determinations to withhold or to release records of the Criminal Division have been made in accordance with the provisions of both the FOIA and the PA, and with Department of Justice regulations - 28 C.F.R. § 16.1 *et seq.*

3. I make this declaration on the basis of information acquired through the performance of my official duties.

4. On July 23, 2007, the Criminal Division's FOIA/PA Unit received a copy of a Complaint in a civil action filed by the plaintiff from the Civil Division of the United States Attorney's Office for the District of Columbia.

5. The plaintiff alleged in Count III, paragraphs 1-2 of the complaint that (1) by a letter dated August 1, 2006, he made a request to the Criminal Division for records in his name; (2) he never received a response; (3) on December 17, 2006, he sought an administrative appeal with the Office of Information and Privacy (OIP) for the failure of the Criminal Division to respond to his request; and (4) OIP never responded to his appeal.

6. The FOIA/PA Unit has conducted a search using its electronic case tracking system that has been in operation since approximately 2000. All requests or referrals received by the FOIA/PA Unit are routinely logged into the system. A search of the FOIA/PA Unit's electronic case tracking system was conducted using both plaintiff's first and last name. The search did not locate any record indicating that the Criminal Division's FOIA Unit received a request from plaintiff seeking records maintained under his name. To eliminate the possibility of spelling errors, a further search was then conducted that would identify requests by any individuals whose last names began with the letters "Zam." This search was likewise negative. Seven years of

2

experience with the Unit's log-in process has shown that it would be extremely unlikely for the Unit to have received a request from plaintiff without it appearing in response to the electronic searches.

7. I have also checked with the Office of Information and Privacy (OIP). They informed me that they have no record of an administrative appeal from plaintiff in regard to the Criminal Division.

8. Before a request can be processed the requestor must verify his identity by providing his full name, current address, and his date of birth. *See* 28 U.S.C. § 16.41(d). The verification must also have the requestor's original signature either attesting under penalty or perjury that he is the requestor or witnessed by a notary. *See* 28 U.S.C. § 1746. Since the FOIA/PA Unit did not receive a valid request meeting the requirements outlined above, no search for records relating to plaintiff can be conducted.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _August 1, 2007_

_Pamela A. Roberts_
PAMELA A. ROBERTS

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAY ZAMBRANA,                          )
                                       )
                    Plaintiff,         )
          v.                           )
                                       )        Civil Action No. 07-0958 (RWR)
                                       )
U.S. DEPARTMENT OF JUSTICE,            )
EXECUTIVE OFFICE FOR UNITED            )
     STATES ATTORNEYS, *et al.*,       )
                                       )
_____ Defendants.    )

## DECLARATION OF WILLIAM C. LITTLE, JR.

I, William C. Little, Jr., hereby make the following Declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.  The subject of this declaration and the statements set forth herein are true and correct either on the basis of my personal knowledge or on the basis of information acquired by me through the performance of my official duties.

1.  I am an Attorney admitted in and a member in good standing in the Bar of the State of Pennsylvania.

2.  I am currently employed as a practicing attorney by the United States Department of Justice (DOJ), Drug Enforcement Administration (DEA), where I am assigned to the Office of Chief Counsel, Administrative Law Section.

3. Within the DEA Office of Chief Counsel, I am an attorney whose primary responsibilities are matters involving the Freedom of Information Act (FOIA), 5 U.S.C.§ 552 and Privacy Act (PA), 5 U.S.C. § 552a, litigation in which DEA is an interested party. I have served in this capacity since about April 26, 1999. In addition, between April 26, 1999 and November 18, 2003, I served as the DEA Privacy Officer.

4. As an attorney, I have been involved in FOI/PA since 1994. I have received formal, informal and on the job training in the FOI/PA, and the administration of Federal records and PA Systems of Records.

5. I am familiar with the DEA policies, practices and procedures regarding the administration of, and processing and release of information requested under the FOIA and PA, and DEA PA Systems of Records.

6. Within the DEA office of Chief Counsel, I am responsible for review, for litigation purposes, of both the initially processed and appealed, FOI/PA requests that are received by DEA, and provide litigation support for matters arising under the Freedom of Information Act and the Privacy Act (PA) in which DEA is an interested party.

7. I prepare, and review and supervise the preparation of affidavits, declarations, responses to discovery motions, interrogatories and other court pleadings, and all necessary legal research on

2

issues arising during the course of the prosecution or defense of FOI/PA actions in which DEA is an interested party.

8. As the DEA Privacy Officer, I became was familiar with, and provided support and guidance to DEA employees and offices in matters relating to DEA's administration of the Privacy Act and the maintenance of Privacy Act Systems of Records. The support also included the administration of DEA's Privacy Act System Notices, and training of DEA employees in FOIA and PA. In addition, I adjudicated Requests for Amendment of Records submitted to DEA, under the Privacy Act.

9. The purpose of this declaration is to respond to Plaintiff's complaint brought under the Privacy Act.

10. In preparing this declaration, I read and am familiar with the complaint in the above entitled action. Also, I personally reviewed the contents of the results of a query of the data base maintained by the DEA Freedom of Information Operations Unit (SARO) in which all FOI/PA requests received by are input for purposes of tracking requests and maintaining information required for reporting the progress and the processing of FOI/PA requests received by DEA.

11. SARO is the DEA office responsible for responding to, the search for, and the processing and release of information requested under FOIA and PA. I am familiar with the policies,

3

practices and procedures employed by SARO that relate to the search for, and the processing and release of information responsive to FOI/PA requests received by the DEA.

12. SARO uses a computer-based system known as the EFOIA Data Base to index and track FOI/PA requests received by DEA. Upon receipt of each request received by SARO, the name of a requester, the assigned request number, the requester's date of birth and social security number are entered into the EFOIA database. Each request received is entered into the system once it is reviewed. The process of entering a request is accomplished within about 10 days of the receipt of the request

13. Information about a request can be retrieved by entering the name of a requester, the request number or the topic of a request. Once the name of a requester, the request number or the topic of a request is entered, the result will be a positive or negative response from the system.

14. When there is a positive response using the name of the requester or the topic of the request, the system will list all DEA FOIA request numbers that relate to the requester in the *Matching Cases* box. When there is a negative response the system provides no information *in Matching Cases* box. When there is a positive response using DEA FOIA request number, the details regarding a particular request are displayed.

15. The DEA FOIA request number is constructed in a manner in which the first two (2) digits represent the fiscal year in which the request was received; the next four (4) digits are the number

4

of the order in which the request was received; and, the last letter represents the type of request such as "F" for FOI and "P" for Privacy.

16. Upon receipt of the plaintiff's complaint, the EFOIA database was queried on June 13, 2007. Using the name "Jay Zambrana," the result to the query was a list of four (4) FOIA requests numbers of 88-2026-P, 87-1212-P, 91-1437-P, and 87-1009-P appearing in the *Matching Cases* box.

17. Thus, no record exists that DEA received a FOIA or PA request from any individual with the name "Jay Zambrana" dated August 31, 2006, during fiscal year 2006 or to up until June 13, 2007.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

August 1, 2007
DATE

William C. Little, Jr.
Senior Attorney
Office of Chief Counsel
Administrative Law Section
Drug Enforcement Administration
Washington, D.C.  20537

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAY ZAMBRANA,                          )
                        Plaintiff,     )
                                       )
    V.                                 )        Case No.  07-CV-00958-(RWR)
                                       )
EXECUTIVE OFFICE FOR UNITED            )
STATES ATTORNEYS, et al.               )
                        Defendants.    )

## DECLARATION OF JOHN W. KORNMEIER

I, John W. Kornmeier declare the following to be a true and correct statement of facts:

1)  I am an attorney advisor with the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice.  In that capacity, my responsibilities include: acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in responding to requests and the litigation filed under both the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C. §552a (1988) ("PA"); the review  of FOIA/PA requests for access to records located in this office and 94 United States Attorney's offices ("USAO's") and the case files arising therefrom; the review of correspondence related to requests; the review of searches conducted in response to requests; the location of responsive records; and preparation of responses thereto by the EOUSA to assure that determinations to withhold (or to release) such responsive records are in accordance with the provisions of both the FOIA and the PA, as well as the Department of Justice regulations (28 C.F.R. §§16.3 et. seq. and §16.40 et. seq.).

1

2)  As an attorney advisor of the FOIA/PA Unit, EOUSA, I have authority to release and/or withhold records requested under the FOIA/PA, and to advocate the position of the EOUSA in actions brought under these Acts.  The statements I make hereinafter are made on the basis of my review of the official files and records of EOUSA, on my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties.

3)  Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA/PA request(s) made to EOUSA by the above-captioned Plaintiff, Jay Zambrana (hereinafter referred to as "Mr. Zambrana ").

4) By letter dated July 19, 2006, Mr. Zambrana submitted a FOIA request asking for all records on himself in all the districts of Indiana and in the Northern District of Illinois; see Exhibit A for a copy of this letter.

5) EOUSA split the request into three files corresponding to the districts to be searched as follows:

| District | Request No. |
|---|---|
| Northern District of Illinois | 06-2529 |
| Northern District of Indiana | 06-2530 |
| Southern District of Indiana | 06-2531 |

6) By letter dated September 29, 2006, EOUSA responded to request no. 06-2529 stating that there were no records found in the Northern District of Illinois; see Exhibit B for ta copy of this letter.

7) By letter dated October 25, 2006, EOUSA responded to request no. 06-2531 stating that there were no records found in the Southern District of Indiana; see Exhibit C for a copy of this letter.

2

8) By letter dated June 11, 2007, EOUSA responded to request 06-2530 stating that the Northern District of Indiana was searching for records, had reached the two hours of free search time allowed by the FOIA, and that an advance payment of $1, 568.00 would be required for EOUSA to complete the search. EOUSA also gave Mr. Zambrana an opportunity to reformulate his request to save fees. EOUSA gave him 30 days to respond. See Exhibit D for a copy of this letter.

9) Mr. Zambrana did not respond to the June 11, 2007 fee letter and therefore, in regard to request number 06-2530, Mr. Zambrana has failed to exhaust his administrative remedies.

10) By letter dated October 22, 2006, Mr. Zambrana filed an administrative appeal with the Office of Information and Privacy ("OIP") on requests nos. 06-2529, 06-2530, and 06-2531, stating that he had not received a response to these requests. See Exhibit E for a copy of this appeal letter.

11) By letter dated April 6, 2007, OIP ruled on his appeal on requests nos. 06-2529, 06-2530, and 06-2531, stating that since EOUSA had responded to requests 06-2529 and 06-2531, Mr. Zambrana's appeal for EOUSA's failure to respond to these requests was moot. As to the remaining request, 06-2530, OIP stated that EOUSA was continuing to process that request. Since Department of Justice regulations provide for an appeal only after an adverse determination, there was no action for OIP to consider. See Exhibit F for a copy of the OIP decision letter of April 6, 2007.

12. Subsequently, Mr. Zambrana, did not appeal the "adverse" decisions of EOUSA in request nos. 06-2529 and 06-2531 that there were  no records found. He, therefore, failed to

3

exhaust his administrative remedies for these two requests.[1]

     13. In conclusion, Mr. Zambrana failed to exhaust his administrative remedies for request no. 06-2530 by not responding to EOUSA's fee letter, and he failed to exhaust his administrative remedies for request nos. 06-2529 and 06-2531 by failing to file an administrative appeal once he had received an adverse decision for each.

     I declare under penalty of perjury that the foregoing is true and correct.  Executed on August 1 2007.

                               John Kornmeier

---

[1] Mr. Zambrana's sole appeal involving these two requests only addressed EOUSA's failure to respond within the statutory time limits. Once he received the EOUSA determinations which, while outside the statutory limits were prior in time to the filing of the instant lawsuit, he was required to file an administrative appeal prior to filing the lawsuit.

4

**FOIA REQUEST**

To: Director _____    Date RECEIVED, 2006

Executive Office for United States Attorneys    2006 AUG -9 PM 3:41

Department of Justice _____

600 E Street, NW _____    DEPT. OF JUSTICE/EOUSA
                                          FOIA/PRIVACY STAFF

Washington, D. C.  20530 _____

Dear Sir:

    This is a request under the Freedom of Information Act.
I request a copy of any and all documents, records and informati
that any part of your agency has or had in its possession that is in
any way connected to, related to, or even remotely in reference to
my name or the subject matter briefly described below:

All records in all districts of Indiana and the Northern District

of Illinois _____

_____

_____

    I will pay reasonable search and reproduction fees.

    My Biographical data is as follows:

FULL NAME:  JAY ZAMBRANA   aka   Yeyo   aka   Jay-Joe

DATE OF BIRTH  July 12, 1961 _____

PLACE OF BIRTH  East Chicago, Indiana USA _____

SOCIAL SECURITY NUMBER  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 _____

    I declare (or certify, verify, or state) under the penalty of
perjury that the foregoing is true and correct.

Executed on this 19th day of _____ July _____, 2006.

            By: _____
                  Affiant/Declarant Herein

(28 USC Section 1746)

Name:  Jay Zambrana _____

Reg. No.  01600-027 _____

United States Penitentiary
Box 2068
INEZ, Kentucky  41224


cc : file



GOVERNMENT
EXHIBIT
A



**U.S. Departm   of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: **06-2529**                     Date of Receipt: **08-09-06**

Requester: **Jay Zambrana**

Subject: **Self/ILN**

Dear Requester:                                                      SEP 29 2006

     In response to your Freedom of Information Act and/or Privacy Act request, the paragraph(s) checked below apply:

1.   [ ]   A search for records located in EOUSA - _____ has revealed no responsive records regarding the above subject.

2.   **[ X ]**   A search for records located in the United States Attorney's Office(s) for the **Northern District of Illinois** has revealed no responsive records.

3.   [ ]   After an extensive search, the records which you have requested cannot be located.

4.   [ ]   Your records have been destroyed pursuant to Department of Justice guidelines.

5.   **[ X ]**   Please note that your original letter was split into separate files ("requests"), for processing purposes, depending on the nature of what you sought. Each file was given a separate Request Number (listed below), for which you have received or will receive a separate response: **06-2529, 06-2530 & 06-2531.**

    This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001.** Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

                Sincerely,

                William G. Stewart II
                Acting Assistant Director

Form No. 005 - 2/06

**GOVERNMENT EXHIBIT**
**B**



**U.S. Departr . . t of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: **06-2531**                    Date of Receipt: **08-09-06**

Requester: **Jay Zambrana**

Subject: **Self/INS**

Dear Requester:                                                            OCT 2 5 2006

     In response to your Freedom of Information Act and/or Privacy Act request, the paragraph(s) checked below apply:

1.   [   ]   A search for records located in EOUSA - _____ has revealed no responsive records regarding the above subject.

2.   **[ X ]**   A search for records located in the United States Attorney's Office(s) for the **Southern District of Indiana** has revealed no responsive records.

3.   [   ]   After an extensive search, the records which you have requested cannot be located.

4.   [   ]   Your records have been destroyed pursuant to Department of Justice guidelines.

5.   **[ X ]**   Please note that your original letter was split into separate files ("requests"), for processing purposes, depending on the nature of what you sought. Each file was given a separate Request Number (listed below), for which you have received or will receive a separate response: **06-2529, 06-2530 & 06-2531**.

     This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001**. Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

                        Sincerely,

                        William G. Stewart II
                        Acting Assistant Director

Form No. 005 - 2/06

**GOVERNMENT EXHIBIT**
C



**U.S. Department** Justice

Executive Office for United States Attorneys

---

Freedom of Information and Privacy Staff

*Suite 7300, Bicentennial Building*          *(202) 616-6757*
*600 E Street, N.W.*                          *FAX (202) 616-6478*
*Washington, DC 20530*

Requester: Jay Zambrana

Request No. 06-2530                                    JUN 1 1 2007

Dear Mr. Zambrana:

    We are currently searching for documents responsive to your FOIA/PA request for records on yourself in the Northern District of Indiana, and we have reached the two hours of search time provided to you at no charge. Federal Regulation 28 CFR 16.11(i) provides that our office may collect an advance payment **before we continue processing your request** if we estimate fees will exceed $250.00. Search time is $28.00 per hour, after the first two hours which are free. In your case, the district has informed us that a complete search will take an additional 56 hours. Again, this excludes the first two hours which are provided free of charge. Therefore, the search fee would be approximately $1568. The district has also indicated that they have about 96,500 pages of records in 3 cases involving yourself (one of which was your 1990 suit against FBI and DEA). We do not know at this time how many pages pertaining to yourself would be found with a complete search. Although not all of these records are likely to be released to you, please note that in addition to the charges for search time, we charge $.10 per page for pages released to you, after the first 100 pages which are free. Once processing has been completed and a final charge is known, you will be required to submit the remaining fee before documents will be released to you.

    Accordingly, an advance payment of $1,568.00 in the form of a check or money order, payable to the Treasury of the United States, must be received by this office before we will continue processing your request. **Please indicate on the face of the check the above request number and mail it to the above address.**

    If you wish to reduce your fees, you may reformulate your request by limiting the documents to a specific category or categories. Or, if you specify that you will only pay up to a certain amount, we will process your case up to that amount. Finally, keeping in mind that the first two hours were free, you may direct that we terminate your search.

    **Per 28 C.F.R. 16.11(i), your request is not considered received until we receive a response from you. Please respond within 30 days of the date of this letter, or this matter will be closed.** If you wish, you may use the attached form to indicate your wishes. If you have any questions, please call Attorney Advisor Garry Stewart at 202-616-3450.

                       Sincerely,

                       William G. Stewart II
                       Assistant Director

Note: You may appeal this response by writing within 60 days to the Office of Information and Privacy, Unit Department of Justice, 1425 New York Avenue, Suite 11050, Washington D.C. 20530-0001.



**GOVERNMENT EXHIBIT**

D

Requester: Jay Zambrana          Request: 06-2530

**Choose One**

1. Enclosed is an advance payment of $_____ for search fees.

2. Please terminate the search for documents. I promise to pay $_____ for duplication fees for documents found thus far.

3. Please terminate the search. I am hereby withdrawing my request_____ (Sign)

4. I agree to pay no more than $_____ for search fees and no more than $_____ for duplication fees. Please process my request accordingly.

5. I wish to reformulate my request to include only the following documents:

_____

_____

_____

_____

(Please note that a search for specific records may increase search time and fees).

6. Please do not search any longer. **I understand that I am entitled to the first 100 pages free.** If you have found releasable documents, send me the free documents and close my case.

_____          _____
Name                              Date

Please return to:

EOUSA
FOIA/PA
600 E. Street, N.W., Room 7300
Washington D.C., 20530

2/16/07

**FOIA APPEAL**

1:07-0721  FOIA
(F)
EOUSA

To: Co-Director
Office of Information & Privacy
Department of Justice
FLAG BUILDING, Suite 570

Washington, D. C.    20530

Date: 10/22/06

RE: FOIA to ___ EOUSA ___

Request No. 06-2529106-2530

Date of Request: & 06-2531B
7/19/06  1:07-0722

1:07-0723

Dear Sir:

This is an appeal under the Freedom of Information Act.
Please review the action or inaction of the following agency:
EOUSA ___ in conjunction to my request for records.
(check appropriate box or boxes below)

__X__ The agency has not responded and the time limits within which
to do so has expired.
_____ The agency has claimed that no records could be found and
I want to appeal that "no records" response.
_____ The agency has blanket denied release of records.

_____ The agency has released certain records and withheld some
by claiming certain exemptions.
_____ The agency has withheld certain records but has not claimed
any exemptions or stated any reason for the deletions.
_____ The agency has claimed there are no records available or
they have been destroyed and I believe they have not made
a sufficient search.
_____ The agency has stated records were destroyed but has not
stated where, how, when and for what reason and by whome
they were destroyed and under what provision of the law.
__X__ I believe the agency action or inaction otherwise unjust
for the following reason :
The EOUSA has violated the statutory time limits within which to
process my requests.

_____

Appellant believes the agency or public body has acted arbitrary
and/or capricious and he asks for review of the agency action/inaction.
The burden is on the agency or public body to show the material
withheld fits within the parameters of the exemptions claimed. The
Appellant asks that the agency itemize and index the withheld material
and include detailed affidavits & explanations in support of the
justifications for refusal to disclose.

Sincerely,
X _Jay Zambrana_
(name)  Jay Zambrana      JPP.


RMATION
CY
07

ED

CC:

(No.)   01600-027

USP Big Sandy

Box 2068

Inez, KY  41224

GOVERNMENT
EXHIBIT
E



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

APR - 6 2007

Mr. Jay Zambrana
Register No. 01600-027
United States Penitentiary          Re:    Appeal Nos. 07-0721 thru 07-0723
Post Office Box 2068                       Request Nos. 06-2529 thru 06-2531
Inez, KY 41224                             JTR:CIH

Dear Mr. Zambrana:

        You attempted to appeal from the failure of the Executive Office for United States
Attorneys (EOUSA) to respond to your requests for access to records.

        EOUSA responded to two of your requests (Nos. 06-2529 and 06-2531) by letters of
September 29, 2006 and October 25, 2006, respectively (copies enclosed). Because EOUSA
responded to these two requests, your appeals from EOUSA's failure to respond to them are moot.
Accordingly, I am closing these two files in this Office.

        With regard to Request No. 06-2530, EOUSA is continuing to process this request.
Department of Justice regulations provide for an administrative appeal only after there has been
an adverse determination by a component. See 28 C.F.R. § 16.9 (2006). As no adverse
determination has yet been made, there is no action for this Office to consider on appeal. In
particular, the Freedom of Information Act itself contemplates judicial review rather than an
administrative appeal when an agency has failed to respond to a request within the statutory time
limits. See 5 U.S.C. § 552(a)(6)(C)(i).

        I have forwarded your letter to EOUSA. You may also wish to contact it directly and inquire
about the status of your request. You may appeal any future adverse determination made by
EOUSA.

                                Sincerely,

                                Janice Galli McLeod
                                Associate Director

Enclosure


GOVERNMENT
EXHIBIT
F

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JAY ZAMBRANA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| U.S. DEPARTMENT OF JUSTICE et.al., | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

Case No._____

---

## DECLARATION OF DEBORDIEU L. MATHIES

I, DeBordieu L. Mathies, declare the following to be a true and correct statement of facts:

1)    This Declaration addresses the searches that I conducted for records responsive to the FOIA request made by Mr. Jay Zambrana.

2)    I am currently a Paralegal Specialist in the Criminal Division of the United States Attorney's Office ("USAO"), Southern District of Indiana ("SDIN"). From May 2001 to the present, my duties include serving as a FOIA Contact between the USAO/SDIN and the Executive Office for United States Attorneys. ("EOUSA"). My responsibilities as a FOIA Contact include coordinating with EOUSA in response to FOIA requests for records located in the USAO/SDIN. I have attended a FOIA Contact training conference sponsored by EOUSA, and this conference enhanced my knowledge and skills in the area of FOIA.

3)    As a FOIA Contact, I handle approximately 15 FOIA requests per year. I conduct searches for documents that might be responsive to a FOIA request. Once I locate all responsive documents, I sort through them and separate responsive records from non-responsive records. I then forward the responsive records to EOUSA. EOUSA makes all determinations regarding the

release or withholding of records.

4)   As the FOIA Contact, my duties include advising the USAO/SDIN on the procedures to be followed in responding to FOIA requests.

5)   By facsimile on September 12, 2006, I received a FOIA request from EOUSA to conduct a search for any records this office may have regarding Jay Zambrana.

6)   On September 18, 2006, I searched the Legal Information Network System ("LIONS") database.  LIONS is the case management/tracking system used by USAOs to record and maintain up-to-date information on cases and matters opened by Assistant U.S. Attorneys ("AUSAs") and to produce a variety of reports on that information. PROMIS ("Prosecutors Management Information System) is the precursor to LIONS. Both LIONS and PROMIS track and record civil and criminal case files in the USAO/SDIN.

7)   When I received EOUSA's request, I searched the LIONS database and did not find any entries for Mr. Zambrana in the LIONS database.

8)   On September 18, 2006, after I could not locate any records for Mr. Zambrana, I sent an e-mail to all staff members in my office and asked if anyone had ever heard of Mr. Zambrana and whether anyone had or knew of any records pertaining to Mr. Zambrana.  Several members of my office responded to my e-mail by informing me that our office did not investigate or prosecute Mr. Zambrana, and that they believed that the USAO/SDIN may have prosecuted Mr. Zambrana.

8)   On September 28, 2006, I notified EOUSA that I could not locate any records responsive to Mr. Zambrana's request.

11)   In conclusion, the only way to ascertain if there are now, or if there ever were, any records is by utilizing LIONS, PROMIS.  I have concluded that there were no other methods of

2

searching which would lead me to locate records pertaining to Mr. Zambrana. I believe that if any records had existed, I would have located them as a result of the search I conducted on September 18, 2006.

12)   On June 4, 2007, EOUSA requested that I make a statement regarding the searches I conducted in September 2006. On June 7, 2006, I conducted yet another search for records responsive to Mr. Zambrana's request by searching LIONS, PROMIS, again with negative results. I declare under penalty of perjury that the foregoing is true and correct.

Executed this  6th day of August, 2007.

Indianapolis, Indiana

DEBORDIEU L. MATHIES
Paralegal Specialist
Office of the U.S. Attorney
10 West Market Street, Suite 2100
Indianapolis, Indiana 46204
(317) 226-6333

3

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAY ZAMBRANA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE et.al., | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

### DECLARATION OF SHARON GETTY

I, Sharon Getty, declare the following to be a true and correct statement of facts:

1) This Declaration addresses the searches that I conducted for records responsive to the FOIA request made by Mr. Jay Zambrana.

2) I am currently the Supervisory Legal Administrative Specialist/Freedom of Information Act ("FOIA") Contact of the United States Attorney's Office ("USAO"), Northern District of Illinois ("ILN"). From January 1993 to the present, my duties in addition to being a Supervisory Legal Administrative Specialist, include serving as the FOIA Contact between the USAO/ILN and the Executive Office for the United States Attorneys. ("EOUSA") My responsibilities as a FOIA Contact include coordinating with EOUSA in response to FOIA requests for records located in the USAO/ILN. I have attended attended several FOIA Contact training conferences sponsored by EOUSA. These conferences enhanced my knowledge and skills in the area of FOIA.

3) As a FOIA contact, I handle approximately 50 FOIA requests per year. I conduct

searches for documents that might be responsive to a FOIA request.  Once I locate all responsive

documents, I sort through them and separate responsive records from non-responsive records.

I then forward the responsive records to EOUSA.  EOUSA makes all determinations regarding

the release or withholding of records.

4)      As the FOIA Contact, my duties include advising the USAO/ILN on the

procedures to be followed in responding to FOIA requests.

5)      On  September 18, 2006, I was instructed by EOUSA to conduct a

search for any records this office may have regarding Jay Zambrana's request.

6)      On September 18, 2006, I searched the Legal Information Network System

("LIONS") database.  LIONS is the case management/tracking system used by USAOs

to record and maintain up-to-date information on cases and matters opened by Assistant

U.S. Attorney's ("AUSAs") and to produce a variety of reports on that information.  PROMIS

("Prosecutors Management Information System") is the precursor to LIONS.  Both LIONS

and PROMIS track and record civil and criminal case files in the USAO/ILN.

7)      When I received EOUSA's request, I searched the LIONS database and did not

find any entries for Jay Zambrana in the LIONS database.  For that reason I searched the

U.S. District Court, Northern District of Illinois, Case Management ("CM") and Electronic

Case Files ("ECF") database.   I conducted a person search using the name Jay Zambrana

and did not find any evidence of existence of records pertaining to Mr. Zambrana.

8)      My search of LIONS, PROMIS (stored information from PROMIS on CD),

CM/ECF and microfische file system did not indicate that any records pertaining to Mr.

Zambrana existed.

9)    On September 18, 2006, I responded to EOUSA via fedex that I could not locate any records responsive to Mr. Zambrana's request.

10)    In conclusion, the only way to ascertain if there are now, or if there ever were, any records is by utilizing LIONS, PROMIS, CM/ECF and microfische file system (includes criminal and civil cases). I have concluded that there were no other methods of searching which would lead me to locate records pertaining to Mr. Zambrana.

11)    On June 4, 2007, EOUSA requested that I make a statement regarding the searches that I conducted in September 2006. On June 5, 2007, I conducted yet another search, for records responsive to Mr. Zambrana's request by searching LIONS, PROMIS, CM/ECF and the microfische file system, again with negative results.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of June, 2007

Chicago, Illinois

SHARON GETTY
Supervisory Legal Administrative
Specialist/FOIA Contact
Office of the U.S. Attorney
219 South Dearborn Street, Suite 500
Chicago, Illinois 60604
(312) 353-5560