UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAY ZAMBRANA ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No: 07-0958 (RWR) |
| ) | |
| EXECUTIVE OFFICE FOR THE ) | |
| UNITED STATES ATTORNEYS ) | |
| et. al, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT FBI'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant, Federal Bureau of Investigation ("FBI"), one of the seven named Defendants in this action, through counsel, respectfully moves this Court to partially dismiss the complaint because the Plaintiff has failed to exhaust his administrative remedies.[1]  In support of this motion, Defendant FBI respectfully refers the Court to the attached statement of material facts not in genuine dispute; the attached memorandum of points and authorities; and the attached declaration of Peggy Bellando of the FBI.

*Pro Se* Plaintiff will please take note that the assertions contained in the accompanying declarations and other attachments in support of Defendants motion may be accepted by the Court as true unless Plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in Defendants' declaration and attachments.  See Neal v. Kelly, 963 FBIHQ.2d 453, 456 (D.C. Cir. 1992), and Local Rule 7.  Further, Fed. R. Civ. P. 56(e) provides

---

[1]     Six of the seven defendants earlier filed a partial motion for summary judgment.

that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Dated: October 18, 2007          Respectfully submitted,

　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　JEFFREY A. TAYLOR, D.C. BAR # 498610
　　　　　　　　　　　　　　　　United States Attorney


　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　RUDOLPH CONTRERAS, D.C. BAR # 434122
　　　　　　　　　　　　　　　　Assistant United States Attorney.


　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　ANDREA McBARNETTE, D.C. Bar  # 483789
　　　　　　　　　　　　　　　　Assistant United States Attorney Center Building
　　　　　　　　　　　　　　　　555 Fourth Street, N.W.
　　　　　　　　　　　　　　　　Washington, D.C. 20530
　　　　　　　　　　　　　　　　(202) 514-7153

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAY ZAMBRANA )
 )
      Plaintiff, )
v. ) Case No: 07-0958 (RWR)
 )
EXECUTIVE OFFICE FOR THE )
UNITED STATES ATTORNEYS )
et. al, )
 )
      Defendants. )
 )

**DEFENDANT FBI'S STATEMENT OF
MATERIAL FACTS NOT IN GENUINE DISPUTE**

Pursuant to LCvR 7 (h), Defendant, Federal Bureau of Investigation ("FBI"), one of the seven named Defendants in this action, respectfully submits this statement of material facts as to which there is no genuine dispute.[2] In support of the motion to dismiss, or in the alternative, for summary judgment, the Defendant refers to the attached declaration of Peggy Bellando ("Bellando Decl.") and the declaration of David M. Hardy ("Hardy Decl.") which is attached to the September 17, 2007 FBI Status Report.

1. The Plaintiff requested all records on himself. Hardy Decl., ¶ 5.

2. By letter dated May 2, 2007, the FBI informed the Plaintiff that it had documents and that the Plaintiff would have to pay a fee associated with his request. By letter dated August 9, 2007, the FBI notified Plaintiff that it had 795 pages of 2,831 pages responsive to his request were being released and that the Plaintiff owed $69.50 in duplication fee for the records. Hardy Decl., ¶¶ 6-12.

---

[2] Six of the seven defendants earlier filed a partial motion for summary judgment.

3. The Plaintiff has not paid the required fees as of October 17, 2007. Bellando Decl., ¶ 6.

Dated: October 18, 2007          Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.

/s/
ANDREA McBARNETTE, D.C. Bar # 483789
Assistant United States Attorney Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAY ZAMBRANA ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No: 07-0958 (RWR) |
| ) | |
| EXECUTIVE OFFICE FOR THE ) | |
| UNITED STATES ATTORNEYS ) | |
| et. al, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT FBI'S MOTION TO
DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Pursuant to Rule 12(b)(6) or in the alternative, Rule 56(b), of the Federal Rules of Civil Procedure, Defendant, Federal Bureau of Investigation ("FBI"), one of the seven named Defendants in this action, respectfully moves this Court to dismiss Plaintiff's complaint or, in the alternative, to grant summary judgment on the grounds of failure to exhaust the required administrative remedies.[1] Plaintiff brings this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

**BACKGROUND**

The Plaintiff requested all records on himself. Hardy Decl., ¶ 5. By letter dated May 2, 2007, the FBI informed the Plaintiff that it had documents and that the Plaintiff would have to pay a fee associated with his request. By letter dated August 9, 2007, the FBI notified Plaintiff that it had 795 pages of 2,831 pages responsive to his request that were being released and that the Plaintiff owed $69.50 in duplication fees for the records. Hardy Decl., ¶¶ 6-12. As of

---

[1]    Six of the seven defendants earlier filed a partial motion for summary judgment.

October 17, 2007, the Plaintiff has not made the full fee payment.  Peggy Bellando Decl., ¶ 6.

## STANDARD OF REVIEW

A.   *Motion to Dismiss*

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint.  Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir.2002).  Accordingly, "the accepted rule in every type of case" is that a court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  Warren v. Dist. of Columbia, 353 F.3d 36, 37 (D.C. Cir.2004); Kingman Park, 348 F.3d at 1040.  Thus, in resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations-including mixed questions of law and fact-as true and draw all reasonable inferences therefrom in the plaintiff's favor.  Macharia v. United States, 334 F.3d 61, 64, 67 (D.C. Cir.2003); Holy Land Found. for Relief & Dev. v. Ashcroft, 333 F.3d 156, 165 (D.C. Cir. 2003); Browning, 292 F.3d at 242.  While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations.  Warren, 353 F.3d at 39; Browning, 292 F.3d at 242.

B.   *Summary Judgment*

In the alternative, summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  In ruling on a motion for summary judgment, the court must consider whether the nonmoving party failed to make a showing sufficient to establish the existence of an

element essential to that party's case and on which that party will bear the burden of proof at trial.  Sullivan-Obst, 300 F. Supp. 2d at 90.  The nonmoving party must present specific facts that would enable a reasonable fact finder to find in its favor; thus, by pointing to an absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment.  Id.  Also, while the court must accept the nonmoving party's evidence as true, if the evidence is "merely colorable, or is not significantly probative," summary judgment may be granted.  Id. .

## ARGUMENT

Under the FOIA, a plaintiff must exhaust administrative remedies before seeking judicial review of any alleged improper withholding.  See, e.g., Wilbur v. CIA, 355 F.3d 675, 676 (D.C. Cir. 2004); Summers v. Department of Justice, 140 F.3d 1077, 1080 (D.C. Cir. 1998); Oglesby v. United States Department of the Army, 920 F.2d 57, 61 (D.C. Cir. 1990).  The exhaustion requirement includes following an agency's fee regulations and, where appropriate, paying the fees assessed.  5 U.S.C. § 552(a)(3)(B); Oglesby, 920 F.2d at 66 & n.11, 71; Judicial Watch, Inc. v. FBI, 190 F. Supp. 2d 29, 33 (D.D.C. 2002).  A requester has failed to exhaust administrative remedies if the requester does not comply with an agency's fee requirements.  Oglesby, 920 F.2d at 66 & n.11, 71; Center to Prevent Handgun Violence, v. United States Dep't of the Treasury, 981 F. Supp. 20, 23 (D.D.C. 1997); Trueblood v. United States Dep't of the Treasury, 943 F. Supp. 64, 68 (D.D.C. 1996).  Such a failure deprives plaintiff of the right to judicial review of his access claims.  Id.

The Defendant FBI by letter dated August 9, 2007 informed the Plaintiff that he owed the FBI $69.50 for the release of requested documents.  Hardy Decl., ¶ 12.  Now, over 60 days later, Plaintiff still has failed to pay the fees assessed.  Peggy Bellando Decl., ¶ 6.

A requester has failed to exhaust administrative remedies if the requester does not comply with an agency's fee requirements. Pollack v. Department of Justice, 49 F.3d 115, 119-120 (4th Cir.), cert. denied, 116 S. Ct. 130 (1995); Center to Prevent Handgun Violence, v. United States Dep't of the Treasury, 981 F. Supp. 20, 23 (D.D.C. 1997); Trueblood v. United States Dep't of the Treasury, 943 F. Supp. 64, 68 (D.D.C. 1996). Such a failure deprives plaintiff of the right to judicial review of his access claims. Id.

Consequently, Plaintiff is not entitled to judicial review of his request to the FBI. Plaintiff's failure to pay fees assessed warrants dismissal or summary judgment in favor of FBI. Judicial Watch, Inc. v. FBI, 190 F. Supp. 2d at 33; Center to Prevent Handgun Violence, 981 F. Supp. at 23.

Dated: October 18, 2007        Respectfully submitted,


/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.


/s/
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 18, 2007, I caused the foregoing Defendant FBI's Motion to Dismiss or, in the Alternative, for Summary Judgment to be served on Pro Se Plaintiff, Jay Zambrana, by postage prepaid mail addresses as follows:

JAY ZAMBRANA
#01600-027
United States Penitentiary
1197 Airport Road
P.O. Box 2068
Inez, KY 41224


      /s/
ANDREA McBARNETTE
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAY ZAMBRANA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No: 07-0958 (RWR) |
| ) | |
| EXECUTIVE OFFICE FOR THE ) | |
| UNITED STATES ATTORNEYS ) | |
| et. al, ) | |
| ) | |
| Defendants. ) | |

ORDER

UPON CONSIDERATION of Defendant FBI's motion to dismiss or in the alternative, for summary judgment, the memorandum of points and authorities in support thereof, any opposition thereto, any reply, and the record herein, it is hereby ORDERED that the motion is GRANTED.

SO ORDERED, on this _____ day of _____, 2007.

_____
United States District Court Judge