UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAY ZAMBRANA ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No: 07-0958 (RWR) |
| ) | |
| EXECUTIVE OFFICE FOR THE ) | |
| UNITED STATES ATTORNEYS ) | |
| et. al, ) | |
| ) | |
| Defendants. ) | |

**REPLY IN SUPPORT OF DEFENDANT FBI'S MOTION TO
DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant, Federal Bureau of Investigation ("FBI"), one of the seven named Defendants in this action, respectfully submits this reply in support of its motion to dismiss Plaintiff's complaint or, in the alternative, to grant summary judgment on the grounds of failure to exhaust the required administrative remedies.[1] Plaintiff brings this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Because the Plaintiff has failed to make the required payment of duplication fees for his request, he has not exhausted his administrative remedies. Therefore, the Court should dismiss the case or, in the alternative, grant summary judgment in favor of the Defendant.

**ARGUMENT**

Under the FOIA, a plaintiff must exhaust administrative remedies before seeking judicial review of any alleged improper withholding. See, e.g., Wilbur v. CIA, 355 F.3d 675, 676 (D.C. Cir. 2004); Summers v. Department of Justice, 140 F.3d 1077, 1080 (D.C. Cir. 1998); Oglesby v.

---

[1] Six of the seven defendants jointly filed a partial motion for summary judgment. The Plaintiff has not opposed that motion.

United States Department of the Army, 920 F.2d 57, 61 (D.C. Cir. 1990).  The exhaustion requirement includes following an agency's fee regulations and, where appropriate, paying the fees assessed.  5 U.S.C. § 552(a)(3)(B); Oglesby, 920 F.2d at 66 & n.11, 71; Judicial Watch, Inc. v. FBI, 190 F. Supp. 2d 29, 33 (D.D.C. 2002).  A requester has failed to exhaust administrative remedies if the requester does not comply with an agency's fee requirements.  Oglesby, 920 F.2d at 66 & n.11, 71; Center to Prevent Handgun Violence, v. United States Dep't of the Treasury, 981 F. Supp. 20, 23 (D.D.C. 1997);  Trueblood v. United States Dep't of the Treasury, 943 F. Supp. 64, 68 (D.D.C. 1996).  Such a failure deprives plaintiff of the right to judicial review of his access claims.  Id.

The Plaintiff requested all records on himself and in his requests stated that he would "pay reasonable search and reproduction fees."  Plt. Opp. Ex. A-C.  By letter dated August 9, 2007, the FBI notified Plaintiff that it had 795 pages of 2,831 pages responsive to his request that were being released and that the Plaintiff owed $69.50 in duplication fees for the records. MTD/MSJ Hardy Decl., ¶¶ 6-12.  As of January 17, 2008, the Plaintiff has not made the full fee payment.  Peggy Bellando Decl., ¶ 6.  The Plaintiff has not even alleged or provided proof that he has paid the required fee.  Plaintiff's failure to pay fees warrants dismissal or summary judgment in favor of the Defendant.  Judicial Watch, Inc. v. FBI, 190 F. Supp. 2d at 33; Center to Prevent Handgun Violence, 981 F. Supp. at 23.

The Plaintiff argues that the Defendant was untimely in its response to his administrative appeal and that therefore he did exhaust his administrative remedies.  Plt Opp., p. 1.[2]  Whether an

---

[2] The Defendant notes that the Plaintiff filed the instant action in the district court on May 23, 2007, after he was aware that he had to pay a fee.  Docket #1, Compl.  By letter dated May 2, 2007, the FBI informed the Plaintiff that it had documents and that the Plaintiff would have to pay a fee associated with his request.

agency has exceeded the time limits for the processing of the initial response to a request or processing of an administrative appeal, requesters have been deemed not to have constructively exhausted administrative remedies when they have failed to comply with necessary requirements of the FOIA's administrative process.  Hicks v. Hardy, No. 04-769, 2006 WL 949918, at *2 (D.D.C. Apr. 12, 2006) (holding that "plaintiff cannot maintain his claim without paying the assessed fee," and explaining that this holds true "[r]egardless of whether . . . plaintiff 'filed' suit before or after receiving a request for payment"); Thorn v. United States, No. 04-1185, 2005 WL 3276285, at *1-2 (D.D.C. Aug. 11, 2005) (finding that plaintiff's administrative remedies were not exhausted, because he failed to pay assessed fees, and noting that "[c]ommencement of a civil action pursuant to FOIA does not relieve a requester of his obligation to pay any required fees"); Farrugia v. Executive Office for U.S. Attorneys, 366 F. Supp. 2d 56, 57 (D.D.C. 2005) (dismissing Complaint for failure to exhaust, because plaintiff failed to pay search fees that agency requested after it processed his request and properly informed him that records were available upon payment); Jeanes v. U.S. Dep't of Justice, 357 F. Supp. 2d 119, 123 (D.D.C. 2004) ("[E]xhaustion of administrative remedies does not occur until the required fees are paid or an appeal is taken from the denial of a request for a fee waiver."); Dale, 238 F. Supp. 2d at 107 (dismissing Complaint for failure to claim or establish entitlement to fee waiver or, alternatively, to commit to payment of fees); Trueblood, 943 F. Supp. at 68 (D.D.C. 1996) ("Regardless of whether the plaintiff 'filed' suit before or after receiving a request for payment, the plaintiff has an obligation to pay for the reasonable copying and search fees assessed by the

defendant.").[3]

Therefore, the Court should dismiss the Plaintiff's complaint for failure to exhaust his administrative remedies, or grant summary judgment in favor of the Defendant.

Dated: January 18, 2008            Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.

/s/
ANDREA McBARNETTE, D.C. Bar # 483789
Assistant United States Attorney Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

---

[3] The Open Government Act of 2007, signed into law on December 31, 2007, addresses the issue of time limits for agencies to act on FOIA requests and the effect upon search fees of an agency's failure to comply with the time limits. 5 U.S.C.A. § 552. The statute, however, is inapplicable to this case because the relevant amendments made by the Act "shall take effect 1 year after the date of enactment of this Act." 5 U.S.C.A. § 552 Note (2).

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 18, 2008, I caused the foregoing Defendant FBI's Reply in Support of its Motion to Dismiss or, in the Alternative, for Summary Judgment to be served on Pro Se Plaintiff, Jay Zambrana, by postage prepaid mail addresses as follows:

JAY ZAMBRANA
#01600-027
United States Penitentiary
1197 Airport Road
P.O. Box 2068
Inez, KY 41224

      /s/
ANDREA McBARNETTE
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530