IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
NO. 07-CV-0958 (RWR)

JAY ZAMBRANA,
   Plaintiff

v.

U.S. DEPARTMENT OF JUSTICE, et al,
   Defendants

*Leave to file as supplement to Plaintiff's Opposition [#20] GRANTED.*

*Mh Roberts, U.S.D.J.*
*3-22-08*

## PLAINTIFF'S NOTICE OF RESUBMISSION OF AFFIDAVIT OF EDDIE MILTON GAREY JR AND MOTION FOR REHEARING/RECONSIDERATION

COMES NOW, Jay Zambrana, pro se plaintiff and pursuant to the applicable Rules of this Court does hereby resubmits the Affidavit of Eddie Milton Garey, Jr (a.k.a Negro Garey) which the Court returned back to the affiant instead of taking it into consideration as a part of Plaintiff's Objection To Defendants' Motions For Summary Judgment and as part of Plaintiff's Objection To Defendant's Motions To Dismiss. Plaintiff Jay Zambrana mailed Mr. Garey's affidavit (see attached) to this court. But the Court purportedly issued some order related to Mr. Garey's affidavit which Plaintiff submitted under Rule 56 (d) F.R.Civ.P, but did not provide Plaintiff with any copy of its order. The affidavit contains a clerk date stamp of "Jan 9-2008" and a hand written notation indicating that "Leave to file Denied... U.S.D.J. 2/15/08."

Mr. Garey's affidavit was submitted by the Plaintiff as a witness to rebut defendant's Rule 56 Motion For Summary Judgment and not as one seeking to intervene as a party.

Rule 56 (b) F.R.Civ.P. which states that: "A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits..." in pertinent part.

Rule 56 (e) F.R.Civ.P. states in part that: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence..."

The certificate of service at the conclusion or very last page attached to the affidavit was signed by the Plaintiff, Jay Zambrana and mailed by Jay Zambrana and not Mr. Garey.

How is it that the defendants are allowed to have their affidavits filed in support of their motion, but not the plaintiff in opposition to their motion? Is because the plaintiff is latino or is it because the affiant is a Negro? I mean what's the deal here. Do not due process affords both sides the right to present affidavits in sup-

port of their positions? Mr. Garey's affidavit presents facts based upon his personal knowledge of the defendants' acts and omissions in FOIA requests and shows that they have a routine practice of engaging in systematic violations of the FOIA and that they deliberately e-vade responding to prisoner FOIA requests and force a court action instead of complying with their own rules, notices and instructions.

The plaintiff is pro se and should not be held to the same pleading requirements of attorneys. He submitted the affidavit as required by the rules, which the court or its clerks have for some unexplained reason sent back to the affiant without any notice to the plaintiff.

Therefore plaintiff demands equal protec-tion under the law and that Mr. Garey's af-fidavit be made a part of the record and that this court will vacate its orders on defendants' summary judgment/dismissal requests and let the record reflect said affidavit even if it must do so in its subsequent orders of dismissal or summary judgment so that Plaintiff will be able to direct the appeals court to Mr. Garey's affidavit in the event of pursuing any appeals upon final disposition of this cause of action.

3 of 4

Submitted on 3-4-2008

By: *Jay Zambrana*

Jay Zambrana 01600-027
USP - Big Sandy
P.O. Box 2068
Inez, KY 41224
Plaintiff Pro Se

## CERTIFICATE OF SERVICE

I Hereby Certify that a copy of the foregoing Plaintiff's Notice of ReSubmission Of Affidavit of Eddie Milton Garey, Jr. And Motion For Rehearing/Reconsideration has been sent via U.S. Mail to Andrea Mc Barnette D.C. Bar # 483789, D.O.J., U.S. Attorney 555 4TH Street, N.W., Washington, D.C. 20001 On this 4TH day of March, 2008.

BY: *Jay Zambrana*
JAY ZAMBRANA
THE PLAINTIFF
" HELLO!" DUH!

Leave to file DENIED. *[illegible signature]*
U.S.D.J. 2/15/08

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
No. 07-CV-0958 (RWR)

RECEIVED

JAY ZAMBRANA,
        Plaintiff,

V.

U.S. DEPARTMENT OF JUSTICE, et al.,
        Defendants

JAN 9 - 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

AFFIDAVIT OF
EDDIE MILTON GAREY,
JR. (a/k/a NEGRO GAREY)

COMES NOW, Eddie Milton Garey, Jr. (a/k/a Negro Garey) under 28 U.S.C. § 1746 and do hereby declare under the penalty of perjury that the following is true and correct:

1. On 9/11/2003 the Government submitted an Excell spreadsheet entitled "Bomb Threat Calls" in support of a complaint affidavit submitted in Case No. 5:03-CR-83 (WDO), M.D. Ga., D.E. #1. Wherein it shows that a cell phone call from Nextel # [478] 256-9704 placed by Russell Yarbrough (a white male) to 911 to allegedly report an accident was made at 12:51 on 9/11 2003 and then immediately thereafter it shows that another cell phone call from Nextel # [478] 256-9704 placed a call to 911 threatening to bomb Walmart on Gray Highway, Macon, Georgia at 12:52 on 9/1/2003. A call that the Government agents accused me of and later used to enhance my points under the advisory guidelines at sentencing.

2. During pretrial proceedings the Government invoked a false national security privilege to prohibit me from confronting the F.B.I. or Secret Service agent who claimed to have traced an unregistered cell phone to my house as the place that an alleged

WMD threat purportedly originated from. See United States v. Garey, 2004 U.S. Dist. LEXIS 23477 (M.D. Ga., Nov. 15, 2004).

3. During my pro se criminal trial the Government prosecutors continued their plight to obstruct justice and to hoodwink the ameatur federal judge by introducing Darren Greenberg of Cingular Wireless to falsely state that no two cell phones can have and operate on the same Electronic Serial Number (ESN). (See, D.E. 187 @ p. iii-117 and D.E. 189 @ p. v-151 to v-152, Case No. 5:03-CR-83-WDO-CDL, M.D. Ga.). Notwithstanding the fact that there exists clearly established case law showing that using a copy-cat (a device available online) a cell phone's ESN and/or telephone number (MIN) can be replaced, reprogramed and even cloned. See U.S. v. Cabrera, 172 F.3d 1287 @ 1289 (11th Cir.). "www.hackerscatalog.com/Services/TECH_Notes/one.html" has a whole site dedicated to the subject showing that the ESN/MIN combinations can be cloned even in current models including "i-phones."

4. During Mr. Greenberg's sworn testimony the Department of Justice introduced a document called a score sheet which contains a cell phone's MIN (viz., telephone number) in the 1st left hand column, the digits dialed, start time, End time and the ESN of the cell phone that purportedly made the call through a specific tower or relay station.

5. Subsequent to Mr. Greenberg's testimony, on 12-15-2004 Mr. Russel Yarbrough admitted under oath to making that 12:51 call to 911 on 9/1/2003 but was not charged with the 12:52 call to 911 on 9/1/2003 threatening to blow up Walmart, notwithstanding the fact that the Department of Justice's investigation reveals that the same ESN placed both calls to 911 on 9/1/2003 using telephone number 478-256-9704. Because Mr. Yarbrough was white and the city municipal officers told him that his phone had been cloned. (See D.E. 190, @ p. vi-159 to vi-160; vi-174; vi-184, lines 6-12; vi-207, lines 9-11; vi-208 to vi-209, Case No. 5:03-CR-83-WDO-CDL).

6. Subsequent to that trial I made a request under the Freedom of Information Act for The Electronic Serial Number (viz., ESN) of the cell phone that used cellular #"478-256-9704" to dial E911 @ 12:51 p.m. & @ 12:52 p.m. on 9-1-2003, the ESN cell site score sheet record for the calls received at the 5970 Forsyth Rd Tower in Macon, Georgia @ 12:51 p.m. & 12:52 p.m. on 9-1-2003. Which was initially assigned "Request Number: 06-2147."

7. On JUL 21 2006 William G. Stewart II, Acting Assisting Director for the Executive Office for United States Attorney, Freedom of Information/Privacy Act Staff, 600 E Street., N.W., Room 7300, Washington,

D.C. 20530, 202-616-6757, Fax 202-616-6478 sent me an alleged deficiency notice directing me to "provide a notarized example of his/her signature or a certification of identity under penalty of perjury," notwithstanding the fact of my request had already been made under penalty of perjury, I respectfully complied again within the 60 day period, mentioned to appeal.

8. On Oct 23 2006 Mr. Stewart assigned my request for "(specific records)" **Request Number: 06-3228**" Wherein he states EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests." Although my request was clearly a "**request for specific items**" as of this 2nd day of January, 2008 I have not received the score sheet or the ESN number of the cell phone that used telephone (478) 256-9704 to dial 911 on 9/1/2003 @ 12:51 p.m. & 12:52 p.m.

9. My last letter dated 3-7-2007 addressed to Tracia M. King, Assistant U.S. Attorney, P.O. Box 1702, Macon, GA 31202-1702 with reference to FOIA/PIA Nos. 06-3228 & 06-2147 and a copy of served on Mr. Stewart explained in detail the

nature and purpose of my specific request under the FOIA. Which they all have simply elected to ignore as if they are not bound by the FOIA's prescribed mandates, or as if the FOIA does not cover requests made by Negroes, Mullattoes or Latinoes for lawfully sought records!

10. What the D.O.J. does in Mr. Zambrano's case is not an isolated incident. But is part of a wide spread practice of systematic abuse to force a court action. Especially in prisoner cases. Especially when the information that is requested will disclose acts done in violation of the United States Constitution by U.S. Attorneys and federal police agents contrary to their oaths of office to support the Constitution.

I sayeth further naught.

I have read the facts as set forth herein the foregoing affidavit and that they are true and correct as indicated by my signature and finger print below. As subscribed under penalty of perjury on this 2d day of January, 2008,

By: *Eddie Milton Garey, Jr. (a/k/a Negro Garey)*

Eddie Milton Garey, Jr. (a/k/a Negro Garey)
Reg. # 91876-020
U.S.P. — Big Sandy
P.O. Box 2068
Inez, KY 41224



Affiant's Finger
Print

# Bomb Threat Calls

| DATE | FROM | PROVIDER | TO | SUB#/ORDER | TOWER | EVENT |
|---|---|---|---|---|---|---|
| 9/1/03 8:04 | unknown | Nextel | 788-9852 | | 5970 Forsyth Rd | Call to 911 from Wal*Mart, 6920 Harrison Rd, possibly to report Gray Hwy threat |
| 9/1/03 12:51 | 256-9704 | Nextel | -911 | RSub 9/4 | unknown | Yarbrough's husband called 911 to report accident |
| 9/1/03 12:52 | 256-9704 | Nextel | -911 | RSub 9/4 | 5970 Forsyth Rd | Call to 911 re bomb threat to WalMart, Gray Highway, Macon, GA; Nextel records show: 11:52:11 call to 911; Subscriber info: 256.9704: Glany W. Yarbrough, 3127 Hamlin Rd, Lizella, GA, 31052, ph 478.935.3221. |
| 9/1/03 12:52 | 808-7132 | Nextel | -911 | RSub 9/4 | 5970 Forsyth Rd | Call to 911 re bomb threat to WalMart, Gray Highway, Macon, GA; Nextel records show 11:52:02 call to 911; Subscriber info: 808.7132: Shannon Wagner, 2141 Deni Road, Mascella, GA, 31066, ph 478.836.5542 |
| 9/1/03 19:05 | unknown | Cingular | 745-3999 | | unknown | Threat call to Wal*Mart, Gral Hwy, re: bomb |
| 9/2/03 15:45 | 718-4142 | Cingular | -911 | RRec 9/4; CObt 9/8 | 4991 Bloomfield Rd | Call to 911, Subscriber info: 718.4142, Lloyd Smith, WR, GA |
| 9/2/03 16:57 | 904-299-4911 | unknown | -911 | | 4991 Bloomfield Rd | Call to 911 |
| 9/2/03 17:00 | unknown | 417=BellS | 477-7328 | | unknown | Colonial Mall Cust. Svc (Penny Sanders) – bomb threat |
| 9/2/03 17:02 | blocked | Cingular | -911 | | 4991 Bloomfield Rd | Call to 911 |
| 9/2/03 17:03 | blocked | | -911 | | 4991 Bloomfield Rd | Call to 911 (most likely from threat caller) |
| 9/2/03 17:03 | | BellSouth | -911 | | N/A | Colonial Mall cust. svc received bomb threat; passed to Mall Security Lt. Reilly |
| 9/2/03 17:57 | 531-1841 | Cingular | -911 | | 4991 Bloomfield Rd | Call to 911 – "let his people go" |
| 9/2/03 18:22 | 531-1841 | Cingular | -911 | | 4991 Bloomfield Rd | Call to 911 |
| 9/2/03 18:26 | unknown | | -911 | | 4991 Bloomfield Rd | Call to 911 – "association w/ Columbus Knights" |
| 9/2/03 18:30 | unknown | | -911 | | 4991 Bloomfield Rd | Call to 911 re: bomb threat |
| 9/2/03 18:32 | 531-1841 | Cingular | -911 | | 4991 Bloomfield Rd | Call to 911 |
| 9/2/03 18:34 | unknown | | -911 | | 4991 Bloomfield Rd | Call to 911 re: bomb threat |
| 9/2/03 18:36 | 531-1841 | | -911 | | 4991 Bloomfield Rd | Call to 911 |
| 9/2/03 18:43 | 718-4142 | Cingular | -911 | RRec 9/4; CObt 9/8 | 4500 Chapel Hill Dr | 911 center flooded with calls |
| 9/2/03 18:43 | 718-4142 | Cingular | -911 | RRec 9/4; CObt 9/8 | 4991 Bloomfield Rd | 911 center flooded with calls |
| 9/2/03 19:37 | 718-4142 | Cingular | -911 | RRec 9/4; CObt 9/8 | unknown | Call to 911 – "access to 911 system, knows number trying to be recalled" |
| 9/2/03 20:02 | 718-4142 | Cingular | -911 | RRec 9/4; CObt 9/8 | unknown | Call to 911 – breathing only [361-9050] |
| 9/2/03 20:06 | 718-4142 | Cingular | -911 | RRec 9/4; CObt 9/8 | 4991 Bloomfield Rd | Call to 911 – no voice |
| 9/2/03 20:12 | 718-4142 | Cingular | -911 | RRec 9/4; CObt 9/8 | unknown | Call to 911 – hang up |
| 9/2/03 20:24 | 718-4142 | Cingular | -911 | RRec 9/4; CObt 9/8 | unknown | Call to 911 – no voice |
| 9/2/03 20:28 | 718-4142 | Cingular | -911 | RRec 9/4; CObt 9/8 | 478.261.9505 | Call to 911 – hang up |
| 9/7/03 6:43 | 718-4142 | Cingular | -911 | RRec 9/4; CObt 9/8 | unknown | Call to 911 (Cingular records) |

file name: timeline_0911.dif        page 1 of 6        printed: 9/11/2003 11:59 AM

GOVERNMENT EXHIBIT

Def. 15 &
18

MaconTelegraph.com

---

Posted on Wed, Dec. 15, 2004

# FBI agent won't testify at Garey bomb threat trial

**By Sharon E. Crawford**
**Telegraph Staff Writer**

**COLUMBUS** - U.S. District Court Judge Clay D. Land ruled Tuesday that an FBI agent who prosecutors say traced a telephoned bomb threat to Eddie Milton Garey Jr.'s house would not have to testify.

The judge's ruling came after a Cingular Wireless employee testified one of the cellular phones found in Garey's Macon residence Sept. 11, 2003, had the same electronic serial number as a phone used to make some of more than 200 bomb threats to businesses and homes in Bibb County earlier that month.

"The court finds the defendant's need (to know the information) is outweighed by the government's privilege and national security (issues)," Land said.

The judge said he would reconsider his decision if Garey could produce new evidence.

Federal prosecutors have argued that having the FBI agent testify on the specifics of how he traced the call to Garey's house would be harmful.

Garey told the court he would like to have the FBI agent testify even if it meant the agent would give precise details on identifying Garey's Barrett Avenue residence as the location where at least one of the calls were made.

Garey, 40, is charged with 11 counts of extortion, five counts of threatening to use a weapon of mass destruction, five counts of making threats to businesses, five counts of making and possessing counterfeit securities and one count of possession of ammunition by a convicted felon for allegedly making a series of bomb threats from Sept. 1-11, 2003.

Cingular Wireless employee Darren Greenberg testified Tuesday that every cellular phone has a specific serial number that cannot be changed or altered by the cell phone company or the customer.

He said that number is similar to that of an identification number found in every automobile.

During cross-examination, Garey asked Greenberg if there is any way the number in a phone could be altered or changed. Greenberg said that to his knowledge that number is inside the phone's computer chip and cannot be changed.

Macon police detective Andra Grinstead, the final witness for in the government's case against Garey, is expected to complete her cross-examination today.

Also Tuesday, Garey was able to question Macon resident Mark Thornton about his past problems with Macon City Council and Mayor Jack Ellis.

Thornton, who said he was never interviewed by federal or local law enforcement during their investigation into the bomb threats last year, was identified as a "person of interest" by police.

"We investigated many persons of interest," Grinstead said. "This is one."

Grinstead said someone identified Thornton to Macon Regional CrimeStoppers as the person who might have made the bomb threats.

Garey asked Thornton about comments he made at Macon City Council meeting on Aug. 18, 2003, concerning a tax vote, city garbage fees and Ellis' trips to Africa. Thornton admitted he had spoken to council members, but said he did not call 911 with any of his concerns.

172 F.3d 1287
172 F.3d 1287, 12 Fla. L. Weekly Fed. C 743
(Cite as: 172 F.3d 1287)

Page 3

sufficient to support the prosecution's claim of the amount of fraud loss attributed to a defendant in a presentence investigation report (PSI). U.S.S.G. § 2F1.1(b)(1), 18 U.S.C.A.

**[9] Sentencing and Punishment 350H ⬌996**

350H Sentencing and Punishment
   350HIV Sentencing Guidelines
      350HIV(H) Proceedings
         350HIV(H)3 Hearing
            350Hk992 Findings and Statement of Reasons
               350Hk996 k. Sufficiency. Most Cited Cases
   (Formerly 110k1320)
Sentencing court did not make factual findings sufficient to attribute to defendant, who was convicted of possessing cellular telephone cloning equipment, entire loss resulting from unauthorized use of all **electronic serial number/mobile identification number (ESN/MIN)** combinations found in defendant's home, where court found that amount of loss prosecution attributed to defendant was correct because defendant admitted that he possessed equipment that caused losses. 18 U.S.C.A. § 1029(a)(4); U.S.S.G. § 2F1.1(b)(1), 18 U.S.C.A.

***1289** Kathleen M. Williams, Federal Public Defender, Jacqueline E. Shapiro, Miami, FL, for Defendant-Appellant.
Adalberto Jordan, Assistant U.S. Attorney, Alison W. Lehr, Phillip DiRosa, Miami, FL, for Plaintiff-Appellee.

Appeals from the United States District Court for the Southern District of Florida.

Before HATCHETT, Chief Judge, BARKETT, Circuit Judge, and RONEY, Senior Circuit Judge.
HATCHETT, Chief Judge:
Appellant Luis Cabrera appeals his conviction and sentence for knowingly possessing cellular telephone cloning equipment, in violation of 18 U.S.C. § 1029(a)(4). Because the government failed to provide reliable and specific evidence regarding the fraud loss attributable to Cabrera, we vacate

Cabrera's sentence and remand the case to the district court for resentencing.

## I. BACKGROUND

In June 1996, a confidential informant told Secret Service agents than an individual known to him as "Shorty" had a small black box known as a "copy-cat," a device that allows individuals to clone cellular telephones illegally. Witnesses later identified "Shorty" as the appellant Cabrera. During a recorded telephone conversation between Cabrera and the informant, Cabrera offered to clone a cellular telephone for the informant in exchange for ten **Electronic Serial Number/ Mobile Identification Number (ESN/MIN)** combinations. FN1 In addition, Cabrera told the informant that he could sell him a copy-cat for $1899. Later that day at a meeting, the informant, who was wearing a wire, gave Cabrera a cellular telephone and a piece of paper containing ten fictitious ESN/MIN combinations. Using his copy-cat, Cabrera cloned the cellular telephone, replacing its original ESN/ MIN combination with one of those provided from the informant. FN2

> FN1. A cellular service provider assigns a combination of an ESN and a MIN to each cellular telephone subscriber to access service. A combination of the two numbers also furnishes the cellular service provider with a means to bill customers for their service usage.
> A cellular telephone cloning operation exists where an individual or group of individuals acquire ESN/MIN combinations illegally from subscribers' cellular telephones to permit the unauthorized use of those accounts; the "cloner" utilizes an **electronic serial number** reader (ESN reader) to obtain the combinations. Cloners reprogram the victim subscriber's ESN/MIN combination into the cloned cellular telephone. The cloned cellular telephone user can then gain access to cellular service; the cellular service provider charges the unauthorized

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

FROM CINGULAR WIRELESS, COURT ORDERS

(THU) 9. 4'03 13:44/ST. 13:43/NO. 4864235303 P 2

MIN: 4787184142

| DIALED DIGITS | START TIME | END TIME | ESN | SERVING SID | HOME SID | SWITCH | CELL | RADIO | DIRECTION |
|---|---|---|---|---|---|---|---|---|---|
| 4787182102 | 2003-09-01 11:34:00.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | U |
| 18002778254 | 2003-09-01 11:34:59.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | U |
| 18002778254 | 2003-09-01 11:37:59.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | U |
| 18002778254 | 2003-09-01 11:40:24.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | U |
| 1200 | 2003-09-02 16:32:28.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | U |
| 711 | 2003-09-02 16:33:04.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | U |
| 511 | 2003-09-02 16:33:10.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | U |
| 911 | 2003-09-02 15:33:20.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | U |
| 911 | 2003-09-02 15:45:10.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | U |
| 911 | 2003-09-02 18:43:26.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | U |
| 911 | 2003-09-02 18:44:13.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | U |
| 911 | 2003-09-02 18:46:01.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | U |
| 911 | 2003-09-02 19:38:00.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | U |
| 911 | 2003-09-02 19:58:14.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | U |
| 911 | 2003-09-02 20:00:33.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | U |
| 911 | 2003-09-02 20:01:21.0 | . | 11800056283 | 426 | 436 | 5 | 67 | -1 | U |
| 911 | 2003-09-02 20:02:04.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | U |
| 911 | 2003-09-02 20:03:43.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | U |
| 911 | 2003-09-02 20:04:29.0 | . | 11800056283 | 426 | 426 | 5 | 144 | -1 | U |
| 911 | 2003-09-02 20:05:23.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | U |
| 911 | 2003-09-02 20:08:30.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | U |
| 911 | 2003-09-02 20:11:06.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | U |
| 911 | 2003-09-02 20:11:46.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | U |
| 911 | 2003-09-02 20:12:22.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | U |
| 911 | 2003-09-02 20:12:53.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | U |
| 911 | 2003-09-02 20:17:24.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | U |
| 911 | 2003-09-02 20:17:52.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | U |
| 911 | 2003-09-02 20:21:11.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | U |
| 911 | 2003-09-02 20:22:58.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | U |
| 911 | 2003-09-02 20:24:11.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | U |
| 911 | 2003-09-02 20:24:40.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | U |
| 911 | 2003-09-02 20:26:27.0 | . | 61805302283 | 426 | 426 | 5 | 67 | -1 | U |
| 911 | 2003-09-02 20:27:18.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | U |
| . | 2003-09-03 06:43:23.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | U |
| 911 | 2003-09-03 12:02:12.0 | 2003-09-03 12:02:20.0 | 61805302283 | 426 | 426 | 5 | 67 | -1 | U |
| 911 | 2003-09-03 12:02:38.0 | 2003-09-03 12:02:43.0 | 61805302283 | 426 | 426 | 5 | 67 | -1 | U |
| 911 | 2003-09-03 14:16:52.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | U |
| 911 | 2003-09-03 14:18:46.0 | . | 11800056283 | 426 | 426 | 5 | -1 | -1 | U |
| 911 | 2003-09-03 14:21:00.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | I |
| 911 | 2003-09-03 14:23:39.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | I |
| 911 | 2003-09-03 14:27:00.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | U |
| 911 | 2003-09-03 14:27:55.0 | . | 11800056283 | 426 | 426 | 5 | 67 | -1 | U |

Case 1:07-cv-00958-RWR   Document 27-2   Filed 03/22/2008   Page 10 of 18

5:03-CR-83

M.D. Ga.

D.E. 190

12/15/2004

vi-159

```
 1              THE COURT:  Mr. Garey.

 2                    DIRECT EXAMINATION

 3   BY MR. GAREY:

 4   Q.    Yes, ma'am, are you familiar with any events taking

 5   place from September 1, 2003, to September 11, 2003?

 6   A.    No, not really.

 7   Q.    Have you ever had any encounter with law enforcement

 8   during that time?

 9   A.    No.

10   Q.    Had you ever had any problem with your cellular phone

11   during that time?

12   A.    Nope.

13   Q.    Do you own a cellular phone with the telephone

14   number -- or have you ever at any time prior to September 1,

15   2003, to September 11, 2003, owned a cell phone with the

16   phone number (478)256-9704?

17   A.    Yes.

18   Q.    You did own that phone.

19   A.    That phone was on my account.

20   Q.    And may I ask who had possession of that phone during

21   that time, ma'am?

22   A.    My husband.

23   Q.    Your husband.  Who is your husband?

24   A.    Russell Yarbrough.

25   Q.    Do you recall being interviewed by law enforcement
```

1    officers concerning that telephone?

2    A.    I was not.

3    Q.    You were not.  Do you need something to refresh your

4    memory?

5    A.    No.

6    Q.    Do you remember having an interview -- do you remember

7    having a conversation with any Macon police officers or

8    detectives, by Grinstead or Aldridge?

9    A.    No.

10    Q.    Do you remember a phone call being made to 911 using

11    your telephone?

12    A.    Not my telephone, no.

13    Q.    Or from that number (478)256-9704?

14    A.    There was a 911 call made.

15    Q.    Who made that call?

16    A.    My husband.

17    Q.    And why would he have made that call?

18    A.    Traffic accident.

19    Q.    Did he continually possess that phone throughout that

20    day?

21    A.    I guess.

22    Q.    At what time did you recall him making that call?

23    A.    I have no idea.

24    Q.    And you didn't talk to anyone concerning that call?

25    A.    I have not talked to anyone.

1   from that same telephone number?

2   A.    I didn't, no.

3   Q.    Is there anyone worked with you on this investigation?

4   Because this is your report; correct, ma'am?

5   A.    Yes, this is my report.

6   Q.    Anyone you worked with throughout the course of your

7   investigation assist you with that information?

8   A.    Not that I'm aware of.

9   Q.    So you just automatically ruled him out?

10  A.    Through our investigation and through the evidence we

11  had, we ruled them out, yes.

12  Q.    Because they were white?

13  A.    No, it has nothing to do with the color of their skin.

14  Q.    All right.  Did you investigate anyone else during that

15  time?

16  A.    On that day or...

17  Q.    Let me narrow it down to certain types of phones.  Did

18  you investigate anyone else concerning Nextel cellular

19  phones?

20  A.    I'm not aware of any other Nextel phones.  If you have

21  one in mind, you can point it out.

22  Q.    All right.  Go back to D-15.  See that number there,

23  that is also a Nextel number, like that's a Nextel, that's a

24  Nextel.  And I don't know what that is there.  I guess it's

25  a Nextel.  It says Nextel.

1  Aldridge, and that's why I'm referring to the detective.

2  That's still the same person.

3          THE COURT:  What's the question?

4  BY MR. GAREY:

5  Q.  Was the detective performing an investigation at the

6  time they talked to you?

7  A.  Not that I know of.  She just wanted to know -- asked

8  me a few questions about a phone.

9  Q.  And what kind of questions were those about the phone?

10  A.  She said somebody had cloned my cell phone number to

11  make a 911 bomb threat call.

12  Q.  Did they clone that cell phone number at the time you

13  made the phone call to report an accident?

14  A.  I don't know when they did it.

15  Q.  Okay.  What kind of phone did you have?

16  A.  What kind of phone?

17  Q.  Yeah, at the time.

18          THE COURT:  Did you have at the time.

19  A.  Some kind of Nextel, Motorola.

20  BY MR. GAREY:

21  Q.  Some type of Nextel.  What is a Nextel -- is it Nextel

22  or Motorola?  Is there a difference between the two or...

23  A.  Nextel is the carrier; Motorola is the phone maker.

24  Q.  Oh, I don't know.  Have you ever had any Cingular

25  Wireless phones?

1  A.    Because there was a traffic wreck.

2  Q.    Did anyone -- do you know -- did you stay around to see

3  the officers respond to the wreck?

4  A.    I stayed around, but I didn't talk to the officers.

5  Q.    What area were you located in when you reported this

6  accident?

7  A.    At 80 and Columbus Road.

8  Q.    80 and what?

9  A.    Highway 80 and Columbus Road.

10  Q.    Where is that located?

11  A.    In Lizella, Georgia.

12  Q.    If I show you a map, can you tell me what area near

13  Macon that would be, what side of Macon that would be?

14  A.    The west side of Macon.

15  Q.    It's the west side of Macon.

16        Go to Defendant's Exhibit 15.

17        Do you recall what time that call was?

18  A.    I have no idea.

19  Q.    All the way to the end down there.

20        Would this be the call that "Yarbrough husband 911," is

21  that you?

22  A.    It should be.

23  Q.    So you made that call, you are for sure?

24  A.    For sure, I called a 911 wreck call in, yes.

25  Q.    And go to your left there.



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Requester: Eddie Milton Gareg, Jr.          Request Number:    06-2147

Subject of Request: Self (specific record)

Dear Requester:

       Your recent request for records from the Executive Office for United States Attorneys (EOUSA) has been received. Before the Executive Office can begin processing your request, it is necessary for you to correct one or more deficiencies. Please comply with the paragraphs checked below:

1.    [√] A requester must provide a notarized example of his/her signature or a certification of identity under penalty of perjury. This insures that information pertaining to an individual is released only to that person. A form is enclosed for your use.

2.    [ ]The files and records of United States Attorneys are maintained in over one hundred separate offices throughout the United States. Please identify the specific United States Attorney's office(s) where you believe records may be located. This would be primarily the district(s) in which a prosecution or litigation occurred.

3.    [ ] To insure that records are properly identified, provide subject's full name, current address, and date and place of birth.

4.    [ ]A request must describe the records sought in sufficient detail to allow location of the records with a reasonable amount of effort (i.e., processing the request should not require an unduly burdensome effort or be disruptive of Department operations). Please provide more specific information about the records you seek, such as appropriate dates, locations, names, nature of the records, etc.

5.    [] Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what you sought. Each file was given a separate Request Number (listed below), for which you will receive a separate response:
    **NOT SPLIT**

       By making a FOIA/PA request, you agree to pay fees up to $25, as stated in 28 C.F.R. § 16.3©, unless you request a waiver of fees (according to requirements in 28 C.F.R. § 16.11(k)). Indigency does not constitute a basis for a fee waiver. Please note that pursuant to 28 C.F.R. § 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28

(Page 1 of 2)

Form No. 003 - 2/06

the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release any documents to you (in excess of 100 free pages). Without such payment, your request file will be closed without further action.

Once you have corrected the above deficiencies, please submit a new request for the documents. This is a final determination and your request for information has been closed. When we have received your new, corrected request, we will open a new file for you. **Please send your new, corrected request to the address above.**

This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001.** Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

Sincerely,

William G. Stewart II
Acting Assistant Director

[√] Enclosure(s)



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757   Fax 202-616-6478*

Request Number: 06-3228 _____   Requester: _____ Eddie M. Garey, Jr. _____

Subject: _____ Self (specific records) _____

    The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. <u>Please give us this number if you write about your request.</u> If we need additional information, we will contact you within two weeks.

    Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

    EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

    By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR § 16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 CFR § 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. <u>Please do not send any payment at this time!</u> If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

                   Sincerely,

                   *William G. Stewart*

                 William G. Stewart II
                 Acting Assistant Director

                               Form No. 001 -6/05

Certificate of Service

I hereby certify that I have this day served a copy of the foregoing document upon the opposing party by hand delivery and/or by depositing a copy in the United States mail with proper postage affixed thereon and addressed as follows: U.S. Department of Justice
Andrea Mc Barnette, D.C. Bar #483799
United State Attorney
District of Columbia
Judicary Center
555 4th Street N.W.
Washington, D.C. 20001

This  3  day of  January  , 200 8 .


By: Joy Zambrana
     Joy Zambrana   Pro-se
                    Defendant/Appellant

REGISTER NUMBER: #0/600-027

U.S.P. BIG SANDY
P.O. BOX 2068
INEZ, KY  41224