UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
JAY ZAMBRANA,                           )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )        Civil Action No. 07-0958 (RWR)
                                        )
EXECUTIVE OFFICE FOR UNITED STATES      )
ATTORNEYS *et al.*,                     )
                                        )
        Defendants.                     )
_____ )


MEMORANDUM OPINION

        In July and August of 2006, plaintiff requested under the Freedom of Information Act

("FOIA") Federal Bureau of Investigation records "in any way connected to his name." Compl. at

2. By letter of August 9, 2007, the FBI released 795 pages of responsive records and assessed a

duplication fee of $69.50. Second Declaration of Peggy L. Bellando [Dkt. No. 24-2] ¶ 12 & Ex.

H. Having received no payment by October 2007, the FBI moved to dismiss or for summary

judgment.[1] Plaintiff does not dispute that as of January 22, 2008, he had not paid the assessed fee.

*See* Second Bellando Decl. ¶ 13.

        The payment or waiver of assessed fees or an administrative appeal from the denial of a

fee waiver request is a condition precedent to obtaining judicial review of a FOIA complaint.

*Oglesby v. U.S. Dep't of Army,* 920 F.2d 57, 65-67 (D.C. Cir. 1990); *Trueblood v. U.S. Dep't of*

*Treasury, I.R.S.*, 943 F. Supp. 64, 68 (D.D.C. 1996) (citing *Pollack v. Dep't of Justice*, 49 F.3d

_____

        [1]    Arguing that the defendant failed to exhaust his administrative remedies, the motion
mistakenly invokes Fed. R. Civ. P. 12(b)(1) as its basis, a rule used for challenging subject
matter jurisdiction. The exhaustion requirement under the FOIA is "a jurisprudential doctrine"
rather than a jurisdictional prerequisite. *Hidalgo v. FBI*, 344 F.3d 1256, 1258-59 (D.C. Cir.
2003). The FBI's supporting memorandum properly invokes Rule 12(b)(6).

115, 120 (4th Cir.), *cert. denied*, 518 U.S. 1032 (1995)).  Because payment is required

"[r]egardless of whether the plaintiff 'filed' suit before or after receiving a request for payment,"

*Trueblood*, 943 F. Supp. at 68, plaintiff will be required to pay the assessed fee before obtaining

judicial review of unfavorable action.  *Smith v. Federal Bureau of Prisons*, 517 F. Supp.2d 451,

455 (D.D.C. 2007) (Roberts, J.).[2]  Therefore, since matters outside the pleadings have been

considered, *see* Fed. R. Civ. P. 12(d), the FBI is entitled to judgment as a matter of law.[3]  A

separate Order accompanies this Memorandum Opinion.


_____/s/_____
RICHARD W. ROBERTS
DATE: May 12, 2008                    United States District Judge


---

[2]  *Smith*, though, mistakenly cited a pre-*Hidalgo* district court opinion that characterized the failure to pay the assessed fee as a jurisdictional bar.  Likewise, *Hidalgo* has overtaken *Trueblood*'s characterization of the failure to pay the fee as jurisdictional.

[3]  The complaint against all other defendants was dismissed by Order of February 27, 2008 [Dkt. No. 25].